**Mark WILSON, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 94–192.**

Supreme Court of Wyoming.

June 1, 1995.

Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, and Diane M. Lozano, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., and D. Michael Pauling, Senior Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellant challenges the district court's decision denying him full credit for his presentence incarceration. We affirm.

## I. ISSUES

Appellant identifies one issue for our review:

I. Did the trial court abuse its discretion by denying Mr. Wilson's motion for reconsideration on a motion to amend the mittimus to include credit for the full amount of time Mr. Wilson was incarcerated prior to being sentenced?

Appellee identifies two issues:

I. Should this appeal be dismissed as untimely?

II. Did appellant receive full credit for pre-sentence incarceration attributable solely to his prosecution for receiving stolen property?

## II. FACTS

In February of 1993, appellant, Mark Wilson (Wilson), pled guilty to grand larceny. While out on bond, and prior to being sentenced, Wilson was arrested and charged with receiving and concealing stolen property. After posting bond on the receiving and concealing stolen property charge, Wilson left for Oregon and was, therefore, unable to attend a sentencing hearing on the grand larceny charge. The district court, not pleased with Wilson's absence, issued an arrest warrant. Wilson was eventually arrested in Oregon on July 23, 1993 and subsequently returned to Wyoming. On January 31, 1994, Wilson was sentenced to a suspended term of incarceration at the Community Alternatives of Casper on the grand larceny charge. On March 22, 1994, Wilson received a two to three year sentence on the receiving and concealing stolen property charge. From July 23, 1993 until March 22, 1994,

Wilson spent 243 days in presentence confinement.

On March 30, 1994, Wilson filed a motion requesting the district court credit 331 days against his two to three year receiving and concealing stolen property sentence. The district court refused to award full credit, but did award fifty days—the time that elapsed between sentencing on the grand larceny charge and sentencing on the receiving and concealing stolen property charge. Wilson appeals.

## III. DISCUSSION

 The refusal to grant credit for presentence incarceration can result in an illegal sentence. *Eustice v. State*, 871 P.2d 682, 684 (Wyo.1994). Such a sentence may, of course, be reviewed at any time. *Parker v. State*, 882 P.2d 1225, 1227 (Wyo.1994). Therefore, we will review Wilson's claim on its merits. The district court will not be reversed absent a clear abuse of discretion because Wilson's sentence falls within the minimum and maximum terms set by the legislature. *Yellow-Bear v. State*, 874 P.2d 241, 244 (Wyo.1994).

 Wilson argues that he accumulated 242 days of presentence incarceration credit from July 23, 1993 to March 22, 1994 and that the district court erred when it refused to credit that time against his receiving and concealing stolen property sentence.[1] Presentence incarceration results from an inability or failure to post bond and does not include confinement that would continue to exist without regard for bond posting capabilities. *Van Duser v. State*, 796 P.2d 1322, 1325 (Wyo.1990) (*quoting Renfro v. State*, 785 P.2d 491, 498 n. 8 (Wyo.1990)). Wilson was incarcerated from July 23, 1993 until January 31, 1994 pending sentencing for two crimes, grand larceny and receiving and concealing stolen property. Had Wilson not been charged with receiving and concealing stolen property, he still would have remained in jail from July 23, 1993 until January 31,

---

1. Because it is not crucial to the determination of this appeal, the State indicated in its appellate brief that it was willing to assume, for the sake of argument, that Wilson was incarcerated for this entire period and not free on bond. Also, Wilson notes that the record is unclear and asks that the date of July 23, 1993 be recognized only as the day that he was "in jail" waiting extradition back to Wyoming and that the exact date of incarceration be investigated further, if necessary, to award credit.

1994 because he had not yet been sentenced in the grand larceny proceeding. Following his January 31, 1994 grand larceny sentence, he was confined solely on the receiving and concealing stolen property charge. Because his presentence incarceration on the grand larceny charge would have continued, regardless of the receiving and concealing stolen property proceeding, Wilson is not entitled to credit the 193 days from July 23, 1993 to January 31, 1994 against his receiving and concealing stolen property sentence. *Van Duser*, 796 P.2d at 1325.

The 193 days must be attributed to the grand larceny charge. Because Wilson is serving a term of probation, the 193 days cannot be credited against that sentence. If his probation is revoked and he is incarcerated on the grand larceny charge, he will, of course, be entitled to credit the 193 days against the grand larceny sentence. He may not, however, credit that time against the receiving and concealing stolen property charge.

## IV. CONCLUSION

The district court's decision is affirmed.