2007 WY 137

**Jeremy George MERTA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–227.

Supreme Court of Wyoming.

Aug. 24, 2007.

Representing Appellant: Jeremy George Merta, Pro se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Timothy J. Forwood, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Jeremy George Merta (Merta), challenges orders of the district court that denied his motions to modify his sentence and/or to correct an illegal sentence. W.R.Cr.P. 35(a) ("The court may correct an illegal sentence at any time."). Merta asserts that his sentence is "illegal" because he was not given proper credit for all time served in jail prior to the imposition of sentence. We will affirm.

## ISSUE

[¶ 2] Merta states this issue:

The trial court failed to grant this defendant all pre-sentence credit for time served in the county jail, and failed to award this defendant pre-sentence credit for time waiting in county jail for transfer to Wyoming DOC [Department of Corrections], that the Wyoming DOC did not credit this defendant with the correct amount of time off his minimum and maximum sentences, and did not credit this defendant the time waiting in county jail to be transferred to the Wyoming DOC.

The State rephrases the issue as:

The trial court denied [Merta's] motion to correct illegal sentence, finding he was properly credited for his time served. Was that denial an abuse of the district court's discretion?

## FACTS AND PROCEEDINGS

[¶ 3] In support of his assertions, Merta apparently relies almost entirely on his memory, rather than pertinent documentation.

We have, at best, a skimpy record upon which to base our review. The record reflects that Merta's sentence was first imposed on February 16, 2001, for the felony of possession with intent to deliver a controlled substance (methamphetamine). Sentence was imposed prior to the completion of a presentence report as provided for in W.R.Cr.P. 32(a)(1). He was sentenced to a term of three to six years with credit for 26 days "previously served off his minimum and maximum sentence." That document also indicates that Merta served 89 days on Counts 2 and 3 (misdemeanor interference with a police officer and reckless endangering). It is unclear from the record exactly what happened to Merta after he was sentenced, but he was recommended for admission into the Boot Camp Program. The post-sentence report was filed in the district court on April 17, 2001. Merta did not appeal from this judgment and sentence, and as a result no transcript of the proceedings was prepared for an appeal.

[¶ 4] Merta appears to have successfully completed Boot Camp on July 16, 2001. Shortly thereafter, Merta filed a motion for a reduction of sentence. The district court suspended the balance of Merta's jail term and placed him on six years of probation. That order was entered on July 25, 2001. No mention is made of credit for pre-sentence confinement in that order. No appeal was taken from that order, and no transcript of the proceedings was prepared.

[¶ 5] On October 18, 2004, the prosecuting attorney filed a petition to revoke Merta's probation based upon Merta being cited for two charges of driving while under the influence of alcohol and one charge of driving while under suspension. A transcript of the initial hearing was prepared and appears in the record. That transcript does not shed any light on the issues raised in this appeal. On February 28, 2005, after a dispositional hearing on that matter, the district court revoked Merta's probation, suspended imposition of sentence and again placed him on six years of supervised probation. In that order, the district court gave Merta 193 days of credit against his minimum and maximum sentences. This included the time he spent in Boot Camp, as well as the 26 days credited in the district court's February 16, 2001 order. Merta did not appeal that order either, and no transcript of the dispositional hearing was prepared.

[¶ 6] On August 29, 2005, the prosecutor again petitioned the district court to revoke Merta's probation, this time for consuming alcohol and methamphetamine on several occasions, thus violating the terms of his probation. By order entered on December 29, 2005, the district court revoked Merta's probation, imposed the original sentence of three to six years of imprisonment, and credited Merta for 250 days of time served off his minimum and maximum sentences. The 250 days included the 193 noted immediately above, as well as 57 days of jail time served immediately prior to the imposition of the instant sentence. The record does include a transcript of the hearing associated with this disposition and, therein, the district court states that Merta "will be given credit for 250 days of presentence confinement against both the minimum and the maximum terms of imprisonment." Merta did not appeal from this order either.

[¶ 7] On March 16, 2006, Merta filed a motion for amendment/modification of sentence. A hearing was held on this motion on May 18, 2006. In this proceeding, as well as all of the other the proceedings outlined above, Merta was represented by counsel. At this hearing, Merta's counsel recited that Merta had been properly credited for 250 days of presentence incarceration and he had served 210 days in prison at that point (a total of 460 days of confinement). Merta did not express a concern that he had not been given enough credit for pre-sentence confinement at the hearing. In response to this motion, on June 5, 2006, the district court reduced Merta's prison term from three to six years, down to two and one-half years to six years. Merta did not appeal this order.

[¶ 8] On June 14, 2006, Merta filed a *pro se* motion for amended judgment and sentence, and on July 17, 2006, he filed a motion to correct an illegal sentence. In these papers, Merta complained for the first time that he was entitled to additional credit for time served. Merta did not differentiate be-

tween time served pre-sentence for the instant crime and time served post-sentence, or time spent in jail for reasons other than the original crime. Merta also includes a claim that the Wyoming Department of Corrections has erred in its computation of his time served. By orders entered on August 30, 2006, the district court denied Merta's motions. On September 19, 2006, Merta filed a notice of appeal, seeking review of those orders. From the record extant, it would appear at this juncture that Merta has completed serving all of the time he was required to serve under his reduced two and one-half to six year sentence, and the issues raised may, in some senses, be of academic interest only.

### DISCUSSION

[¶ 9] In *Renfro v. State*, 785 P.2d 491, 498–99 (Wyo.1990) (some citations and some footnotes omitted) we held (after stating what the rules were for sentences that were imposed before the date of that decision):

> Credit will be automatically granted for presentence incarceration time on all sentences. We will presume that in imposing the stated sentence, the trial court, in its exercise of discretion, considered presentence confinement. Consequently, without regard for what is or is not stated in the sentence, credit for presentence confinement will be applied to reduce the length of remaining incarceration under the sentence. As long as the maximum and minimum terms remain within statutory limits, discretion of the trial court continues to establish the periods which obviously include recognition of presentence confinement.
>
> We adopt the goal of the American Bar Association Standards for Criminal Justice for "the purpose * * * to end * * * technical distinctions by granting a comprehensive credit that treats all periods of confinement attributable to the underlying criminal transaction as equivalent, no matter what label is attached to such incarceration. To this end, [we would] require[ ] the credit to be offset against both the minimum and maximum terms imposed,

* * *." III ABA Standards for Criminal Justice 18.310 (2d ed.1980). (FN10)

> This resolution provides certainty of result, clarity of rules, and preservation of equal protection of constitutional interests....

(FN10.) In result, we would follow generally the standard developed by III ABA Standards for Criminal Justice, *supra*, at 18.307–08:

**Standard 18–4.7. Credit for pretrial confinement**

(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed.

(b) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody under a prior sentence if the defendant is later reprosecuted and resentenced for the same offense or for another offense based on the same conduct. In the case of such a reprosecution, this should include credit in accordance with paragraph (a) for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same conduct.

(c) If a defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum term and any minimum term of the remaining sentences should be given for all time served since the commission of the offenses on which the sentences were based.

(d) If the defendant is arrested on one charge and later prosecuted on another charge growing out of conduct which

occurred prior to arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution should be given for all time spent in custody under the former charge which has not been credited against another sentence.

(e) To avoid ambiguities, the award of credit for pretrial incarceration should be automatic and mechanical, and affirmative action by the sentencing court should be unnecessary. A procedure consistent with this principle is specified in standard 18–6.8.

(f) The policies of sentencing authorities and those of other agencies empowered to determine the date of actual release should be carefully coordinated in the area of sentencing credit to achieve consistency of application and the abolition of any distinction between pretrial and posttrial confinement. In particular, where the agency administering early release employs guidelines to determine the presumptive date of such release, credit for pretrial confinement should also be given against such presumptive term. To the extent that full integration of policies respecting sentencing credit is not achieved, the sentencing court should make corresponding adjustments in the sentence it imposes to ensure that the defendant who is confined before trial receives full credit therefor.

(g) These standards do not address the question of whether credit should be given against the maximum term for good conduct within the correctional institution or for compliance with institutional rules.

Standard 18–6.8 provides:

**Procedure for awarding credit**

The credit required by standard 18–4.7 should be awarded in the following manner:

(a) The parties should communicate to the court at the time of sentencing the facts upon which credit for time served prior to sentencing will be based;

(b) The court should inform the defendant at the time of sentencing of the defendant's status on the issue of credit for time previously served;

(c) The court should assure that the record accurately reflects the facts upon which credit for time served prior to sentencing will be computed, but, to avoid possible ambiguities, the court should not itself award such credit or otherwise reduce the sentence for time served;

(d) The custodian should communicate to the prison authorities at the time the defendant is delivered for commitment the amount of time spent in custody since the imposition of sentence;

(e) The credit to be awarded against the sentence should be computed by the prison authorities as soon as practicable and automatically awarded;

(f) The prison authorities should inform the defendant of his or her status as soon as practicable; and

(g) The defendant should be afforded an avenue of postconviction review for the prompt disposition of questions which may arise as to the amount of credit which should have been awarded.

Id. at 18.491–92.

[¶ 10] We have continued to recognize that a sentence that does not include proper credit for presentence incarceration is illegal. *Manes v. State,* 2007 WY 6, ¶ 8, 150 P.3d 179, 181 (citing *Gomez v. State,* 2004 WY 15, ¶ 18, 85 P.3d 417, 421 (Wyo.2004) and *Smith v. State,* 988 P.2d 39, 40 (Wyo.1999)). In *Smith* we held:

A sentence which does not include proper credit for presentence incarceration is illegal. *Smith v. State,* 932 P.2d 1281, 1282 (Wyo.1997). A criminal defendant is entitled to credit against his sentence for the time he was incarcerated prior to sentencing, provided that the confinement was due to his inability and failure to post bond on the offense for which he was awaiting disposition. *Meek v. State,* 956 P.2d 357, 358 (Wyo.1998); *Renfro v. State,* 785 P.2d 491, 498 (Wyo.1990). The purpose of this rule is to provide equal protection to defendants who are unable to post bond because of their indigence. *Renfro,* 785 P.2d at 497–98. A defendant is not, however, enti-

tled to credit for the time that he spent in custody when his confinement would have continued despite his ability to post bond. *Meek*, 956 P.2d at 358; *Renfro*, 785 P.2d at 498. In accordance with this principle, a defendant is not entitled to credit against his sentence for the time he spent in custody while awaiting probation revocation proceedings because that confinement was not attributable to his financial inability to post bond. *Milladge v. State*, 900 P.2d 1156, 1160–61 (Wyo.1995).

Our review of the record reveals that Smith was incarcerated for five different periods of time. The district court credited two of those periods against his sentence: the twenty days that he spent in custody between August 18, 1995, and September 7, 1995; and the 156 days that he spent at Community Alternatives. The other three periods of confinement-October 21, 1995, through January 5, 1996; October 28, 1997, through January 12, 1998; and July 6, 1998, through August 14, 1998–involved proceedings to revoke Smith's bond or his probation. Those periods of confinement would have persisted regardless of Smith's financial ability to post bond. He was not, therefore, entitled to credit against his sentences for those periods of incarceration.

[¶ 11] Despite the optimism this Court expressed in *Renfro*, that these sorts of problems might be put behind us, appeals associated with proper credit for time served have not abated. The record on appeal is not entirely clear in this case, but that is principally because Merta did not appeal from any of the district court's appealable orders, except the most recent ones. Merta does not document his claims of "time served" with supporting evidence, cogent argument, or pertinent authority. However, to the extent the record is clear, he received credit for time in excess of that which is required by our long-standing rules. Merta appears to assert that the Wyoming Department of Corrections has erred in keeping his records. To the extent there may be any truth in that, it is a matter which must be taken up administratively through the Department of Corrections and would be subject to this Court's review only to the extent such an issue reached this Court via W.R.A.P. 12.

## CONCLUSION

[¶ 12] The orders of the district court denying Merta's motions to modify his sentence and/or to correct an illegal sentence are affirmed.