2008 WY 28

**Rhonda ABITBOL, a/k/a Rhonda Vanhouten, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

Nos. S–07–0118, S–07–0186.

Supreme Court of Wyoming.

March 14, 2008.

Representing Appellant: Tina N. Kerin, Appellate Counsel, Wyoming Public Defender's Office; Diane E. Courselle, Director, and Ian Sonshine, Student Intern, of the Defender Aid Program. Argument by Mr. Sonshine.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General. Argument by Mr. Pauling.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶1]   In this consolidated appeal, Appellant Rhonda Abitbol asserts error in the amount of presentence incarceration credit awarded in two criminal cases in which the sentences were ordered to run concurrently. We affirm in part, reverse in part, and remand the case in No. S–07–0118 (District Court No. 16623) for entry of a new judgment and sentence consistent with this opinion.

## ISSUE

[¶2]   Abitbol presents the following issue for our review:

Did the trial court impose an illegal sentence when it denied Ms. Abitbol credit for time served for: (1) presentence incarceration after her bond was withdrawn by a corporate surety[;] (2) time attributable to an unreasonable delay in sentencing[;] and (3) time attributable to unreasonably [sic]

the delay in transporting her from custody in Arizona to Wyoming?

## FACTS

[¶ 3] During the execution of a search warrant at Abitbol's residence on March 29, 2005, officers discovered evidence of drug and financial crimes. Abitbol was subsequently arrested on April 2, 2005, and charged, in what was to become District Court No. 16623, with possessing methamphetamine with the intent to deliver the same, possessing a felony amount of methamphetamine, and the unlawful use of a credit card. Abitbol initially appeared before the circuit court on April 4 and was released on bond under specified conditions, including that she refrain from using alcohol and controlled substances. She later waived her preliminary hearing and was bound over to district court.

[¶ 4] At her arraignment on May 17, Abitbol entered pleas of not guilty to the charges. The district court, after having received information that Abitbol had violated the conditions of her bond release, remanded Abitbol to custody pending the issuance of a new bond in the amount of $7,500. On May 20, a new bond was issued, and Abitbol was once again released from custody.

[¶ 5] A month later, on June 27, the State filed a Verified Motion to Revoke and Forfeit Bond and to Revoke the Order of Release and Issue Bench Warrant, wherein it noted methamphetamine use by Abitbol. The following day, a bench warrant issued, and Abitbol was arrested on June 29. On June 30, Abitbol's current bondsman also sought revocation of the bond, and the district court set a bond revocation hearing for July 22. At that hearing, Abitbol admitted the bond violations alleged by the State, and the district court increased the amount of Abitbol's bond obligation. A week later, on July 29, Abitbol again bonded out of custody.

[¶ 6] On August 9, 2005, the State filed a three-count Information in circuit court charging Abitbol, in what was to become District Court No. 16747, with attempted credit card fraud, forgery, and endangering a child by permitting that child to remain in a place where methamphetamine was being processed, stored or ingested. Abitbol was arrested on those charges on August 18, and bond was set at $5,000. Four days later, Abitbol's bondsman revoked her bond in No. 16623. After a preliminary hearing on August 25, Abitbol was bound over to the district court. During this same time period, the State secured an amendment of the Information in No. 16623 and the dismissal of Count III in that case—the unlawful use of a credit card charge—because of an overlap between that charge and the first two counts alleged in No. 16747. Abitbol was eventually released on bond in both cases on September 23.

[¶ 7] Before her release from custody, Abitbol's trial had commenced on the two remaining charges in No. 16623. On September 13, the second day of trial, Abitbol opted to enter into a plea agreement that would dispose of both criminal cases. Pursuant to that agreement, Abitbol agreed to plead guilty in No. 16623 to possessing a felony amount of methamphetamine in exchange for dismissal of the remaining charge. In No. 16747, Abitbol agreed to plead guilty to one of the property crimes, and the State agreed to dismiss the other charges. The parties also agreed that the sentences in both cases would run concurrently, with the State capping its sentencing request to prison terms of four to six years. That same day, Abitbol entered her guilty plea in No. 16623.

[¶ 8] Thereafter, Abitbol failed to appear for her January 3, 2006, trial date in No. 16747 and her January 10, 2006, sentencing hearing in No. 16623. The district court ordered Abitbol's bonds in both cases to be forfeited and issued warrants for her arrest. The State later discovered that Abitbol had fled to Arizona, where she was convicted on May 30, 2006, for the crime of criminal impersonation. For that crime, Abitbol was sentenced to six months of imprisonment, with thirteen days of presentence incarceration credit, to be followed by a mandatory consecutive term of "community supervision." On September 20, the State sought her return to Wyoming, pursuant to the Interstate Agreement on Detainers Act

(IADA), and took her into custody on its outstanding warrants on December 16, 2006.

[¶ 9]   In No. 16623, the district court sentenced Abitbol on March 1, 2007, to imprisonment for four to six years, with twenty-six days credit for presentence incarceration. The district court granted her credit for the time served from April 2 to April 4, 2005, from May 17 to May 20, 2005, and from October 18 to November 8, 2005, but denied her credit for the periods of confinement between June 29 and July 29, 2005, and August 18 and September 23, 2005. Abitbol appealed from the judgment and sentence, which this Court docketed as No. S-07-0118.

[¶ 10]   In No. 16747, the district court held a change of plea hearing on January 24, 2007, at which time Abitbol entered a no contest plea to the charge of attempted credit card fraud. The district court set the sentencing hearing for March 22, but continued it to accommodate a scheduling conflict encountered by defense counsel. On June 1, the district court sentenced Abitbol to a term of imprisonment of four to six years, to be served concurrently with her sentence in No. 16623, and awarded her thirty-seven days credit for the period of confinement between August 18 and September 23, 2005. The district court denied Abitbol's request for additional presentencing credit. The appeal in Docket No. S-07-0186 followed. This Court subsequently entered an order consolidating both appeals.

## STANDARD OF REVIEW

[¶ 11]   Generally, sentencing decisions are reviewed for an abuse of discretion. *Capellen v. State*, 2007 WY 107, ¶ 11, 161 P.3d 1076, 1079 (Wyo.2007). A challenge to a trial court's award of presentence confinement credit, however, involves a question of law which this Court reviews de novo. *Doolittle v. State*, 2007 WY 52, ¶ 9, 154 P.3d 350, 354 (Wyo.2007); *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

## DISCUSSION

[¶ 12]   Abitbol claims that her sentences in both cases are illegal because the district court did not properly credit her for presentencing incarceration. The law is well-settled that a criminal defendant is entitled to credit, against both the minimum and maximum sentence, for time spent in confinement prior to sentencing, provided that the confinement was due solely to a financial inability to post bond on the offense for which the defendant was convicted and awaiting disposition. *Doolittle*, ¶ 18, 154 P.3d at 356; *Manes*, ¶ 8, 150 P.3d at 181; *Gomez v. State*, 2004 WY 15, ¶ 18, 85 P.3d 417, 421 (Wyo.2004); *Renfro v. State*, 785 P.2d 491, 498 (Wyo.1990). The purpose of this rule is to ensure equal protection to defendants who are unable to post bond because of their indigence. *Gomez*, ¶ 18, 85 P.3d at 421. A defendant, however, is not entitled to credit for confinement that would have persisted regardless of the defendant's financial ability to post bond on the charges for which the defendant is eventually convicted and sentenced. *Id.; see also Merta v. State*, 2007 WY 137, ¶ 10, 165 P.3d 456, 459–60 (Wyo.2007); *Wayt v. State*, 912 P.2d 1106, 1110 (Wyo.1996).

[¶ 13]   Initially, we note that Abitbol's various sentencing complaints are accompanied by a subsidiary claim, premised on *Weedman v. State*, 792 P.2d 1388 (Wyo. 1990), that because she received concurrent sentences, the credit given against each sentence should be equally applied to the sentence in the other case. *Weedman*, however, involved concurrent sentences imposed in a single case, and its rule has been limited to such circumstances. Where, as in this case, a defendant is separately sentenced in two different cases and those sentences are ordered to run concurrently, the sentence in each case is to be credited only for the presentence incarceration attributable solely to the financial inability to post bond in that case, not for confinement that would have persisted due to the prosecution of the other case. *See Manes*, ¶ 9, 150 P.3d at 181–82; *Milladge v. State*, 900 P.2d 1156, 1160–61 (Wyo.1995). Consequently, the mere fact that concurrent sentences were imposed does not afford Abitbol the requested relief.

[¶ 14]   Abitbol's first complaint concerns the district court's refusal to award her credit against her sentence in No. 16623

for the thirty days she spent in custody between her arrest on the State's June 27, 2005, motion to revoke her existing bond and her July 29, 2005, release on the new bond.[1] In *Smith v. State*, 988 P.2d 39, 40–41 (Wyo. 1999), we held that a defendant is not entitled to credit for the time spent in custody awaiting proceedings relating to the revocation of bond because the confinement would have persisted regardless of the defendant's financial ability to post bond. In accordance with *Smith*, we hold that the district court properly denied credit to Abitbol for the period of time between her June 29 arrest and the July 22 bond revocation hearing, as that confinement was attributable solely to the pending bond revocation proceedings. However, we find that the district erred in not granting her credit for the time spent in custody following the revocation hearing and the posting of the new bond. In our opinion, the revocation proceedings at issue culminated on July 22 with the revocation of Abitbol's existing bond release, and that her continued detention after that date related solely to her financial inability to post the new bond imposed by the district court. Therefore, we hold that Abitbol is entitled to seven days of credit for the time served from July 22 to July 29.

■ [¶ 15] Abitbol next claims the district court erred in denying her credit in No. 16623 for the time served between August 18 and September 23, 2005. We disagree. The record reflects that the confinement was initiated by Abitbol's arrest on the charges filed in No. 16747 and continued until she was released on bond in that case on September 23. Although Abitbol's bond was revoked in No. 16623 after her arrest, and she was effectively confined in relation to both criminal cases, that period of confinement would have persisted in No. 16747 regardless of her bond posting capabilities in No. 16623. The district court granted Abitbol thirty-seven days of credit against her sentence in No. 16747. Abitbol is not entitled to additional credit for that jail time against her sentence in No. 16623.

■ [¶ 16] Abitbol's third complaint involves the district court's refusal to grant her credit in No. 16747 as compensation for what she claims was an excessive delay in sentencing in that case. She argues that sixty days of credit is necessary to remedy the district court's alleged violation of W.R.Cr.P. 32(c)(1), which requires sentences to be imposed without unnecessary delay. After a careful review of the record, we cannot agree with Abitbol's assessment that sentencing was unnecessarily delayed.

[¶ 17] Abitbol's sentencing took place slightly more than four months after entering her plea, slightly more than two months after the initial scheduled sentencing hearing that was continued to accommodate a scheduling conflict encountered by defense counsel, and approximately one and a half months after the State—in Abitbol's stead—sought a new setting for her sentencing hearing. The record indicates Abitbol caused or contributed to much of the delay with which she now takes issue. The delay in this case compares favorably to that which this Court found appropriate in *Despain v. State*, 774 P.2d 77, 82–83 (Wyo.1989), wherein the defendant was sentenced nearly eight months after entering his plea. Under the circumstances presented in this case, we cannot fault the district court for denying her that credit.

■ [¶ 18] In her final complaint, Abitbol contends, mostly for equitable reasons, that she should have been given credit in both cases because her incarceration in Arizona was extended, beyond the time she was required to serve on her conviction in that state, due to Wyoming's delay in transporting her from Arizona. In support of that contention, Abitbol notes that on May 30, 2006, she was sentenced in Arizona to serve six months of incarceration with thirteen days credit for time served. She calculates that the service of her entire sentence obligation was fulfilled on November 17, 2006, and that twenty-nine days passed before Wyoming took custody of her on December 16, 2006.

[¶ 19] Abitbol did not raise this issue below. She presents it here for the first time

---

1. Abitbol claims an entitlement to thirty-one days credit, but that claim is based on a mistaken assertion that her incarceration commenced on June 28. As previously noted, her arrest on the State's bond revocation motion occurred on June 29.

without any factual basis supported by the record that Wyoming did not take custody of her at the first available moment after she served not only her prison sentence but also her required "community supervision" period. Beyond that, Abitbol presents no cogent legal argument supporting the credit entitlement she now advances. Given the state of affairs, we summarily reject her claim. *See Marshall v. State*, 2005 WY 164, ¶ 12, 125 P.3d 269, 274 (Wyo.2005) (this Court does not consider claims unsupported by cogent argument and citation to legal authority).

## CONCLUSION

[¶ 20] We affirm the judgment and sentence of the district court underlying the appeal in No. S–07–0186 (District Court No. 16747). However, we hold Abitbol is entitled to additional credit in No. S–07–0118 (District Court No. 16623). We therefore reverse the district court's sentence and remand with instructions to credit Abitbol with seven days for the time she served from July 22, 2005, to July 29, 2005.