2011 WY 151

**Ryan Joseph HAGERMAN,**
**Appellant (Defendant),**

**v.**

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**Nos. S–11–0154, S–11–0155.**

Supreme Court of Wyoming.

Nov. 7, 2011.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] In these consolidated appeals, the appellant challenges the district court's denials of motions to correct illegal sentence that he filed in two unrelated, but temporally overlapping, cases. He was first sentenced in a burglary case (S–11–0154), and was later sentenced in a stolen property case (S–11–0155). We find that presentence confinement time was not properly credited against the burglary sentence, and therefore remand S–11–0154 to the district court for correction of that sentence. In S–11–0155, we conclude that, even though the appellant was given credit for time served in that case to which he was not necessarily "entitled," such did not create an illegal sentence, and we affirm the sentence in S–11–0155.

## ISSUE

[¶ 2] Was the sentence in either or both cases illegal because the appellant was not given the amount of credit for presentence confinement to which he was entitled?

## STANDARD OF REVIEW

[¶ 3] The question of whether a sentence is illegal because it does not include proper credit for time served is a question of law that we review *de novo. Swain v. State,* 2009 WY 142, ¶ 8, 220 P.3d 504, 506 (Wyo. 2009).

## FACTS

[¶ 4] On October 18, 2005, the appellant committed a burglary. Although it is not precisely clear in the record, it appears that the appellant was arrested on the day of the offense. He remained in jail until he was sentenced nearly a full year later, on October 3, 2006.[1] He was sentenced to the custody of the Department of Corrections for a period of not less than three years, nor more than five years. That sentence was suspended,

---

Representing Appellant: Ryan J. Hagerman, Pro se.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Justin A. Daraie, Assistant Attorney General.

1. The Judgment and Sentence shows both October 3 and October 8 as the date of sentencing. The transcript of the sentencing hearing shows that it occurred on October 3. A later-entered furlough order states the date as October 4, 2006. We will accept October 3 as the correct date.

however, pursuant to the "split sentencing" provisions of Wyo. Stat. Ann. § 7–13–107 (LexisNexis 2011), and the appellant was ordered to spend one year in the Fremont County Detention Center, to be followed by four years of supervised probation.

[¶ 5]  Two specific terms of this sentence are relevant to the discussion herein. First, the appellant was given credit for 350 days already served in jail. Second, as a condition of probation, the appellant was ordered to "submit himself to high intensity residential [substance abuse] treatment." The district court made it clear that the credit for time served was to be applied against the jail sentence by noting that the appellant had only "15 days left on your sentence." In addition, the district court enunciated its intention that the appellant enter into the residential treatment program immediately upon his service of the jail sentence.

[¶ 6]  On October 11, 2006, the district court entered an Order for Furlough for Treatment. The essential elements of that order were: (1) that the appellant be released from jail even though the one-year sentence had not fully been served; (2) that the Sheriff's Department was to transport the appellant to the treatment facility; (3) that the appellant was to be considered in the custody of the Sheriff while in the treatment facility; and (4) that the Sheriff was to transport the appellant back to the Detention Center upon his discharge from the treatment facility.[2] The appellant successfully completed residential treatment and was released from the facility on August 8, 2007.

[¶ 7]  To recapitulate: the appellant served 350 days in the county jail before sentencing (October 18, 2005 to October 3, 2006), eight days in the county jail following sentencing (October 3, 2006 to October 11, 2006), and 301 days in the treatment facility (October 11, 2007 to August 8, 2007), for a total of 659 days attributable to the burglary

sentence before he was released from custody on that sentence.

[¶ 8]  We will interrupt this narrative as it relates to the burglary conviction by now introducing the salient facts concerning an unrelated stolen property conviction. On October 10, 2005, the appellant committed the crime of possessing stolen property. The State charged him with that offense in late June 2006, while he was in jail awaiting sentencing in the burglary case. He was arraigned in the stolen property case on October 4, 2006, the day after he was sentenced in the burglary case.

[¶ 9]  Although the appellant pled guilty to the stolen property crime at arraignment, he was not sentenced for that crime until September 5, 2007. He was sentenced to the custody of the Department of Corrections for a period of not less than two years, nor more than four years, with credit for 336 days served. It is not explained in the record now before this Court, but it appears that the 336 days is the amount of time between October 4, 2006, when he pled guilty, and September 5, 2007, when he was sentenced. Execution of the sentence was suspended, however, and the appellant was placed on supervised probation for a period of four years. An Order Nunc Pro Tunc was entered on December 23, 2010, in both cases, indicating that the two sentences were to be served concurrently.

[¶ 10]  The appellant's performance on probation was less than sterling. His probation in both cases was revoked and reinstated twice. After a third violation, probation was revoked and the underlying sentences were reimposed. Upon reimposing the sentences, the district court made the following comment:

> I'll give him credit for his presentence confinement and ask counsel to see if you cannot agree on what that number should be. And if you can't, then contact me and

---

**2.**  Three issues raised by the terms of this order, but not raised in this appeal, are: (1) whether the district court has statutory authority to furlough prisoners who are in a county jail under the split-sentencing statute; (2) whether, in granting such a furlough, the district court can extend the period of time that a prisoner is in a sheriff's custody beyond the one-year statutory

maximum; and (3) whether the appellant was on probation while he was in the Sheriff's custody at the treatment center. For additional discussion of the district court's authority to grant a furlough, *see Center v. State*, 2011 WY 73, ¶¶ 10–13, 252 P.3d 963, 966–67 (Wyo.2011) (Voigt, J., dissenting, with whom Burke, J., joins).

we'll see if we can't, the three of us, come to some conclusion in that regard.

[¶ 11] In each of the separate orders entered after the final revocation, the appellant was given "credit for 385 days already served, off his minimum/maximum sentence." Unfortunately, it is impossible to tell from the record how this 385 days was calculated. We do not know if counsel stipulated to that amount of credit, or if it was necessary for the district court to make a determination.[3] What we do know from the record, as will be discussed below, is that the amount of credit in the two separate cases should not have been equal, and neither credited amount should have been 385 days. In the burglary case, the appellant had been in official detention, in one form or another, for 659 days before his probation was revoked, and apparently spent an additional 33 days in jail awaiting probation revocations, for a total of 692 days. In the stolen property case, the appellant suffered no presentencing confinement that was attributable to that crime, and spent the same 33 days just mentioned pending probation revocation.

## DISCUSSION

[¶ 12] "A sentence that does not include proper credit constitutes an illegal sentence." *Swain*, 2009 WY 142, ¶ 8, 220 P.3d at 506. The law is clear that defendants are entitled to sentencing credit for the time they spend in presentence confinement if that confinement was due to the financial inability to post bond in regard to the charged offense. *Abitbol v. State*, 2008 WY 28, ¶ 12, 178 P.3d 415, 418 (Wyo.2008); *Merta v. State*, 2007 WY 137, ¶ 10, 165 P.3d 456, 459–60 (Wyo.2007), *overruled on other grounds by Jackson v. State*, 2009 WY 82, ¶ 12, 209 P.3d 897, 900 (Wyo.2009). In addition, a probationer is entitled to credit for time spent in an inpatient treatment facility, if he is subject to a charge of escape while there because he is in "official detention." *Beyer v. State*, 2008 WY 137, ¶¶ 8–12, 196 P.3d 777, 780–81 (Wyo.2008); *YellowBear v. State*, 874 P.2d 241, 245 (Wyo.1994); *Blouir*

*v. State*, 950 P.2d 53, 55 (Wyo.1997). Furthermore, if a petition for revocation has been filed and the probationer is in custody, "[w]here pre-revocation time is attributable to the underlying criminal charge, credit must be awarded against the underlying sentence." *Jackson*, 2009 WY 82, ¶ 13, 209 P.3d at 900. In the instant case, therefore, the appellant is entitled to credit against either the burglary sentence or the stolen property sentence for the time he spent in jail awaiting the three probation revocations. To the contrary, he is not entitled to credit for 336 days against the stolen property sentence, because he was in official detention during that period under the burglary sentence, against which he should have been receiving credit. Stated otherwise, he was not in custody during that period because he could not post bond on the stolen property charge; he was in custody because he was in official detention under the burglary sentence.

[¶ 13] In cases where concurrent sentences have been imposed in a single case, the defendant is entitled to have credit for time served applied equally against both sentences, but this principle does not apply where a defendant is serving concurrent sentences imposed in separate cases. *Abitbol*, 2008 WY 28, ¶ 13, 178 P.3d at 418; *Weedman v. State*, 792 P.2d 1388, 1389 (Wyo.1990); *see also Smith v. State*, 932 P.2d 1281, 1282 (Wyo.1997) (escaped inmate entitled to credit for time served following arrest after escape against underlying sentence, but not also against sentence for escape; he was being held in jail upon a prison hold for the underlying sentence, not because he could not post bond on the escape charge); and *Wilson v. State*, 896 P.2d 1327, 1328–29 (Wyo.1995) (credit allowed against grand larceny sentence, but not against separate stolen property sentence, where incarceration resulted from hold on the former, not from inability to post bond on the latter).

[¶ 14] Application of these rules of law to the facts *sub judice* leads to the following conclusions:

---

**3.** The State guesses in its Brief that the 385 days is "roughly based" on the original 350 days of credit, plus twenty days, six days, and seven days

that the appellant spent in jail, respectively, upon his three probation revocation arrests.

1. The appellant was entitled to credit against the burglary sentence for the 350 days in the county jail between arrest and sentencing, for the eight days in the county jail following sentencing, and for the 301 days in residential treatment, for a total of 659 days.

2. The appellant was entitled to credit for 33 days in the county jail pending probation revocation upon the three petitions, with such credit applied against either, but not both of the sentences.

3. The appellant was not entitled to any credit for time served against the stolen property sentence, except for any portion of the probation revocation jail time mentioned assigned to that sentence.

[¶ 15] The appellant was entitled to credit for time served in the burglary case (No. S–11–0154 on our docket; No. 6105 below) in the amount of at least 659 days. He was given credit for only 385 days, so this sentence was illegal. The appellant was not entitled to any credit for time served in the stolen property case (No. S–11–0155 on our docket; No. 6158 below), except for whatever portion of the probation revocation jail time that may have been assigned to that sentence, yet he was given credit for 358 days served. A credit "overage," however, does not make a sentence illegal, and the receipt of that credit has not been challenged in this appeal.

### CONCLUSION

[¶ 16] The sentence in S–11–0154 is illegal because the appellant was not given credit against that sentence for time served for the period he was in official detention while in the residential treatment facility. The sentence in S–11–0155 was not rendered illegal by the fact that the appellant was given credit against that sentence to which he was not "entitled." Consequently, we remand S–11–0154 to the district court for entry of a sentence consistent with this opinion, and we affirm in S–11–0155.[4]

BURKE, J., files a specially concurring opinion.

BURKE, Justice, specially concurring.

[¶ 17] I agree that Mr. Hagerman was entitled to credit against his burglary sentence for the time spent in the residential treatment center. This was the only issue raised by Mr. Hagerman. I write separately to recognize and emphasize that the decision to grant or deny credit against the stolen property sentence was properly within the district court's sentencing discretion. *Sweets v. State,* 2001 WY 126, ¶ 7, 36 P.3d 1130, 1131–32 (Wyo.2001); *Hedge v. State,* 696 P.2d 51, 52 (Wyo.1985); *Jones v. State,* 602 P.2d 378, 381 (Wyo.1979).

---

4. The State cites *Jennings v. State,* 4 P.3d 915, 924 (Wyo.2000) for the proposition that as long as the district court credits one of a defendant's concurrent sentences with credit that is owed, even if the wrong sentence is credited, no additional or "double" credit should be given. We do not read *Jennings* so broadly. The opinion does not say that, where credit has accrued against one of two concurrent but separate sentences, it may be credited against either sentence. Rather, *Jennings* simply recognizes that, where the Department of Corrections has already allocated credit and a sentence has been served, it may be too late to correct the mistake, and double credit, in that instance, should not be given. We do not know on this record whether that difficulty exists in this case.