2012 WY 41

**Bud Corey MORRISON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0203.

Supreme Court of Wyoming.

March 20, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   The appellant contends that he did not receive full credit against his sentence for all presentence time served, and that he should not have been assessed an indigent civil legal services fee.  We disagree as to the first issue, we decline to address the second, and we affirm.

## ISSUES

[¶ 2]   1.   Is the appellant's sentence illegal because he did not receive credit for the time he spent, presentence, in a residential substance abuse treatment facility?

2.   Is the appellant's sentence illegal because he should not have been assessed an indigent civil legal services fee?

## STANDARD OF REVIEW

[¶ 3]   "The question of whether a sentence is illegal because it does not include proper credit for time served is a question of law that we review *de novo.*"   *Hagerman v. State,* 2011 WY 151, ¶ 3, 264 P.3d 18, 19 (Wyo.2011).   The same standard applies to the second issue.

## FACTS

[¶ 4]   The material facts of this case are all procedural facts.   On April 27, 2009, the appellant was arrested for felony attempted larceny.[1]   An initial appearance was held in the circuit court on April 29, 2009, and an Order Setting Bail, with a $10,000 cash or surety appearance bond, was entered the same day.   After a preliminary hearing, the appellant was bound over to the district court for trial.   At his arraignment in district court on May 20, 2009, the appellant pled not guilty.   Bond was not mentioned, and the appellant remained in jail.

[¶ 5]   On August 10, 2009, the appellant filed a Motion for Furlough and Continuance of Pretrial Conference and Jury Trial.   Attached to the motion was a letter from WYS-TAR, a residential substance abuse treatment facility, indicating that the appellant had been accepted into WYSTAR's treatment program.   The motion indicated that the State did not object to the furlough on the condition that the appellant "acknowledge that a refusal to abide by the terms of the release is punishable as a charge of felony escape."   On the same date, the district court entered an Order for Furlough and Continuance of Pretrial Conference and Jury Trial. For our present purposes, three terms of

that order are significant:   (1) the appellant was released from custody to travel to WYS-TAR on his own;   (2) the appellant was to return directly to jail upon his release from WYSTAR;   and (3) the release to WYSTAR would not reduce the terms of his incarceration.   In addition to these specific terms, the following language appeared on the order below the judge's signature:

DEFENDANT TAKE
NOTICE:

FAILURE TO RETURN TO THE DE-
TENTION CENTER AS REQUIRED IS
A CRIME (ESCAPE FROM CUSTODY)
I understand and accept the conditions imposed upon my Furlough/Conditional Release privileges by the Order and agree to fully abide by each and every condition therein.

The appellant signed below this notice on August 12, 2009.

[¶ 6]   The appellant entered WYSTAR on September 1, 2009.   Based upon his good standing in the program, the appellant and the State entered into a Plea Agreement and a Stipulated Motion to Modify Order for Furlough, both of which were filed on January 8, 2010.   The relevant terms of those two documents were that the appellant would change his plea to guilty, the parties would recommend suspension of any period of incarceration, and the appellant would participate in WYSTAR's outpatient transition program as a condition of supervised probation. An Order Modifying Order for Furlough was entered on January 11, 2010.   The appellant changed his plea to guilty on February 17, 2010, and a Judgment to that effect was entered on March 9, 2010.   The Judgment indicated that bond would continue upon the same terms and conditions, and upon the additional condition that the appellant participate in WYSTAR's transition program.

[¶ 7]   Unfortunately for the appellant, his resolve apparently deserted him, and he left the transition program on March 15, 2010, without finishing it.   The State immediately

---

1.   There is a companion burglary case, but we need not consider that matter, as it does not

affect the issue involved herein.

filed a document entitled "Petition to Revoke Bond W.R.Cr.P. Rule 46.4(c)(1)," and a Bench Warrant was issued on March 16, 2010. The appellant remained at large until he was arrested on January 18, 2011. At his initial appearance, the appellant admitted the allegations of the petition. An Order Revoking Post Conviction Release was entered on February 17, 2011, and the appellant was incarcerated pending sentencing.

[¶ 8] Sentencing took place on April 14, 2011. The appellant was sentenced to the custody of the Wyoming Department of Corrections for a period of not less than three years and not more than five years, with credit for 214 days already served. The 214 days credit did not include any of the time the appellant was at WYSTAR, for which period the district court specifically refused to grant credit.

## DISCUSSION

*Is the appellant's sentence illegal because he did not receive credit for the time he spent, presentence, in a residential substance abuse treatment facility?*

■ [¶ 9] We begin our discussion of this issue with the observation that no statute or court rule authorizes Wyoming's trial courts to grant furloughs to criminal defendants.[2] Instead, trial courts have at their disposal the tools of bail and conditional release. We will briefly outline the relevant structure of that system.

[¶ 10] Article 1, Section 14 of the Wyoming Constitution provides that "[a]ll persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great...." That principle is reiterated in Wyo. Stat. Ann. § 7–10–101(a) (LexisNexis 2011), which states that "[a] person arrested for an offense not punishable by death may be admitted to bail." In turn, Wyo. Stat. Ann. § 7–10–102 (LexisNexis 2011) establishes the role of court rules in governing bail and conditional release:

The rules promulgated by the Wyoming supreme court shall govern in all matters relating to the terms, amount and conditions of bail, justification of sureties and procedures for forfeiture, enforcement and exoneration upon breach or default of the conditions of bail.

[¶ 11] The court rule governance of presentencing release begins with W.R.Cr.P. 46, which provides in pertinent part as follows:

(a) *Prior to trial.*—Eligibility for release prior to trial shall be in accordance with Rules 46.1 and 46.3.

. . . .

(c) *Pending sentence and notice of appeal.*—Eligibility for release pending sentence ... shall be in accordance with Rule 46.2. . . .

. . . .

W.R.Cr.P. 46.3 applies to the detention and release of material witnesses, and does not apply in the instant case. W.R.Cr.P. 46.2(a) makes W.R.Cr.P. 46.1(b) and (c) applicable to those defendants who have been found guilty, but who are awaiting imposition or execution of sentence.

[¶ 12] In the present case, the appellant was conditionally released—given a "furlough"—after he had pled not guilty and was awaiting trial. During the period of that conditional release, he returned to court, changed his plea to guilty, and a judgment of guilt was entered. Consequently, his conditional release was first governed by W.R.Cr.P. 46(a), and later by W.R.Cr.P. 46(c) and W.R.Cr.P. 46.2(a). This is largely a distinction without a difference, however, because W.R.Cr.P. 46.1, in the end, establishes the applicable procedures in either case. We will now address that rule as it pertains to this case.

[¶ 13] W.R.Cr.P. 46.1(a) repeats the principle that bail is available to all defendants except in certain capital cases. W.R.Cr.P. 46.1(a)(2) establishes that a defendant's release may be on personal recognizance, upon execution of an unsecured bond, or upon conditions. W.R.Cr.P. 46.1(b) describes the process for ordering the release of a defendant where the trial court determines that

---

2. The only statutory furlough program is found in Wyo. Stat. Ann. § 7–13–701 (LexisNexis 2011), which program is limited to the Department of Corrections.

the only necessary bond condition is that the defendant commit no crimes during the period of release. W.R.Cr.P. 46.1(c), which applies in the instant case, provides in pertinent part as follows:

(c) *Release on conditions.*—

(1) If the judicial officer determines that the release described in subdivision (b) will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person:

(A) Subject to the condition that the person not commit a federal, state, or local crime during the period of release; and

(B) Subject to the least restrictive further condition, or combination of conditions, which will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person:

. . . .

(x) Undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose[.]

■ [¶ 14] Clearly, a conditional release pursuant to these court rules was what was done in this case, even though it may have been called a "furlough." *See Westmark v. State,* 864 P.2d 1031, 1033 (Wyo.1993) (the character of the leave, rather than the title of the document, is controlling). *See also Russell v. Sullivan,* 2012 WY 20, ¶ 16, 270 P.3d 677, 682 (Wyo.2012); *Mathewson v. Estate of Nielsen,* 2011 WY 71, ¶ 12, 252 P.3d 958, 961 (Wyo.2011); and *Plymale v. Donnelly,* 2006 WY 3, ¶ 6, 125 P.3d 1022, 1024 (Wyo.2006) (the substance of a filed document, rather than its title, determines what it is). The State certainly recognized the applicability of these court rules by citing directly to them in its Petition to Revoke Bond W.R.Cr.P. Rule

46.4(c)(1).[3] We do not consider the "furlough" given to the appellant to be anything other than a modification of the Order Setting Bail resulting in a conditional release under the above rules.[4]

■ [¶ 15] All of the preceding discussion has led us to the following dispositive point: the language at the end of the furlough order giving notice to the appellant that he was subject to an escape charge if he failed to return to the detention center—the language not made a part of the order, but signed by the appellant—was contrary to law. Wyo. Stat. Ann. § 6–5–206(a) (Lexis-Nexis 2011) defines the crime of escape as follows: "A person commits a crime if he escapes from official detention. . . ." Central to the present controversy is the definition of "official detention" found in Wyo. Stat. Ann. § 6–5–201(a)(ii) (LexisNexis 2011):

(ii) "Official detention" means arrest, detention in a facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or detention in any manner and in any place for law enforcement purposes. *"Official detention" does not include* supervision on probation or parole or *constraint incidental to release on bail* [.]

(Emphasis added.) This fact—that violation of conditional release while on bail is not punishable as escape from official detention—is reinforced by the fact that W.R.Cr.P. 46.4, cited by the State in its petition to revoke bond, provides a full panoply of sanctions for such violation, including revocation of the order of release, forfeiture of bond, and punishment for contempt of court.

■ [¶ 16] While released to participate in the WYSTAR program, the appellant was not in official detention and was not subject to a charge of escape from official detention, and was not, therefore, entitled to credit against his prison sentence for that time period. Neither was he in custody due to the financial inability to post bond; rather,

---

**3.** The rule cited in the petition's title provides the sanctions for failing to appear and for violating the terms of conditional release.

**4.** "What's in a name? That which we call a rose by any other name would smell as sweet." WILLIAM SHAKESPEARE, ROMEO AND JULIET act 2, sc. 2.

he was released from custody without being required to post a bond, cash or surety. We have reviewed our jurisprudence regarding credit for time served, and we find no case that requires credit to be granted in this case. *See, e.g., Hagerman,* 2011 WY 151, ¶¶ 12–13, 264 P.3d at 21 (credit required where financial inability to post bond, probationer subject to charge of escape from official detention while in inpatient treatment facility, or where concurrent sentences imposed in a single case); *Center v. State,* 2011 WY 73, ¶ 9, 252 P.3d 963, 966 (Wyo.2011) (credit required where appellant subject to immediate imprisonment upon failure to complete inpatient treatment program during period execution of sentence was stayed); *Endris v. State,* 2010 WY 73, ¶ 17, 233 P.3d 578, 582 (Wyo.2010) (credit required where probationer subject to charge of escape from official detention while in adult community corrections facility); *Swain v. State,* 2009 WY 142, ¶ 9, 220 P.3d 504, 506 (Wyo.2009) (credit required where probationer in custody awaiting revocation proceedings where revocation directly attributable to underlying conviction); *Beyer v. State,* 2008 WY 137, ¶ 11, 196 P.3d 777, 780 (Wyo.2008) (credit not required where probationer in inpatient treatment facility not subject to charge of escape); *Abitbol v. State,* 2008 WY 28, ¶¶ 13–17, 178 P.3d 415, 418–19 (Wyo.2008) (credit not required on both sentences where appellant sentenced to concurrent sentences in two different cases; credit not required where confinement would have continued despite posting of bond because of existence of separate charges; credit required where confinement related solely to inability to post bond); *YellowBear v. State,* 874 P.2d 241, 246 (Wyo. 1994) (credit required where appellant subject to charge of escape from official detention while in community corrections facility, but not required while appellant in inpatient treatment facility and not subject to such charge); and *Prejean v. State,* 794 P.2d 877, 878 (Wyo.1990) (credit required for period defendant in Wyoming State Hospital pending examination, and for period appellant in community corrections facility). Of course, it is not surprising that credit for time served due to "constraint incidental to release on bail" has not been required by this Court,

given the dictate of Wyo. Stat. Ann. § 6–5–201(a)(ii) that such circumstances do not constitute "official detention."

### *Is the appellant's sentence illegal because he should not have been assessed an indigent civil legal services fee?*

[¶ 17] The appellant was arraigned on May 20, 2009, and he was sentenced on April 14, 2011. Between those two dates, Wyo. Stat. Ann. § 6–10–102 (LexisNexis 2011) was amended to require the court to impose a $10.00 indigent civil legal services fee in criminal cases in certain circumstances. That fee was assessed against the appellant in his Sentence. He did not object to assessment of the fee at the time sentence was imposed, but he now contends that W.R.Cr.P. 11(b)(1)(B) forbids its imposition because it was not disclosed to him at the time he was arraigned. The State counters by quoting W.R.Cr.P. 11(b)(1)(C), which provides as follows:

(C) If assessments or forfeitures are imposed without proper disclosure a request for relief shall be addressed to the trial court under Rule 35 before an appeal may be taken on that issue.

[¶ 18] The latter-quoted rule is clear; without the matter having been raised in the district court, this Court may not consider it on appeal. We, therefore, decline to do so in this case.

### CONCLUSION

[¶ 19] By statutory definition, the appellant's "constraint incidental to release on bail" was not "official detention," and he was not subject to a charge of escape. Neither was he confined due to a financial inability to post bond, nor did his circumstances duplicate any of the circumstances where we have found credit for time served to be required. In short, the appellant is not entitled to credit against his prison sentence for the period of time he participated in the WYSTAR program as a condition of his release on bond.

[¶ 20] We cannot consider whether imposition in the Sentence of the indigent legal services fee was proper because that ques-

tion was not raised in the district court as required by W.R.Cr.P. 11(b)(1)(C).

[¶ 21]  We affirm.