2009 WY 82

**Wendell JACKSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–08–0048.

Supreme Court of Wyoming.

June 19, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Public Defender.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kristin Shaun Wilkerson, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1] Wendell Jackson appeals from an Order Revoking Probation and Imposing Sentence. He contends that the district court erred in failing to award credit against his sentence for the time he spent in jail awaiting resolution of the Petition to Revoke Probation. We conclude that Mr. Jackson was entitled to credit against his sentence. Accordingly, we reverse and remand for modification of Mr. Jackson's sentence.

## ISSUE

[¶2] Is Mr. Jackson entitled to credit against his sentence for time spent in jail pending resolution of the Petition to Revoke Probation?

## FACTS

[¶3] Mr. Jackson was charged with one count of Possession of a Weapon with Unlawful Intent in violation of Wyo. Stat. Ann. § 6–8–103 (LexisNexis 2007), one count of Aggravated Assault and Battery in violation of Wyo. Stat. Ann. § 6–2–502(a)(iii), and two counts of Kidnapping in violation of Wyo. Stat. Ann. §§ 6–2–201(a)(iii), (b)(i). Mr. Jackson and the State entered into a plea agreement. Mr. Jackson agreed to plead no contest to the charge of Possession of a Weapon with Unlawful Intent. That crime carries a maximum sentence of "imprisonment for not more than five (5) years, a fine of not more than one thousand dollars ($1,000.00), or both." Wyo. Stat. Ann. § 6–8–103.[1] In exchange for Mr. Jackson's plea, the State agreed to dismiss the remaining charges. Both parties agreed to a sentence of three to five years incarceration, suspended in favor of three years of probation. The district court accepted Mr. Jackson's plea. The court entered a judgment and sentence imposing the agreed upon three to five year sentence. The court suspended the sentence and placed Mr. Jackson on probation.

[¶4] Four months later, the State filed a petition to revoke Mr. Jackson's probation. The accompanying affidavit alleged five violations of the terms of probation: termination of his employment, two urine samples testing positive for cocaine and benzoylecgonine (a cocaine metabolite), failure to attend substance abuse counseling, and absconding from supervision. A warrant was issued for Mr. Jackson's arrest. He was arrested on July 9, 2007. On August 3, 2007, Mr. Jackson entered a plea admitting that he had violated the terms of his probation by absconding from supervision. He requested that the district court delay disposition and make referrals to several community corrections programs and an intensive supervision program. The State did not object to the request. The district court entered an order revoking probation but delayed taking further action until learning whether Mr. Jackson was accepted into any of the treatment programs. Mr. Jackson waived his right to speedy disposition pending admission decisions from those programs.

[¶5] Mr. Jackson was denied admission to all of the programs and a dispositional hearing was held on October 26, 2007. At the hearing, defense counsel requested that Mr. Jackson receive credit for all of the time he spent in jail pending resolution of the probation revocation proceedings. The State opposed any credit award. On November 26, 2007, the district court entered its Order Revoking Probation and Imposing Sentence. The district court ordered that Mr. Jackson receive credit for 55 days of the 109 he spent in jail pending probation revocation. The court imposed the underlying sentence of three to five years of incarceration, subject to that credit. Mr. Jackson appeals.

## STANDARD OF REVIEW

[¶6] Sentencing decisions are normally within the discretion of the trial court. *Bitz v. State*, 2003 WY 140, ¶7, 78 P.3d 257, 259 (Wyo.2003). "Such discretion

---

1. Wyo. Stat. Ann. § 6–8–103 states:

   A person who knowingly possesses, manufactures, transports, repairs or sells a deadly weapon with intent to unlawfully threaten the life or physical well-being of another or to commit assault or inflict bodily injury on another is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than one thousand dollars ($1,000.00), or both.

is limited, however, inasmuch as a court may not enter an illegal sentence. A sentence is illegal if it violates the constitution or other law." *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo.2006) (internal case citation omitted). Whether a sentence is illegal is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo.2007).

## DISCUSSION

[¶ 7] Mr. Jackson pled no contest to violating Wyo. Stat. Ann. § 6–8–103. The maximum sentence that may be imposed for conviction of that crime is five years. Wyo. Stat. Ann. § 6–8–103. A sentence that exceeds the statutory maximum is illegal. *E.g., Ayers v. State*, 949 P.2d 469, 470 (Wyo.1997). A defendant's sentence may not be increased as a result of events that occur after the initial sentencing and the revocation of probation. *See Yates v. State*, 792 P.2d 187, 192 (Wyo.1990); *Wlodarczyk v. State*, 836 P.2d 279 (Wyo.1992), *overruled on other grounds by Daugherty v. State*, 2002 WY 52, ¶ 26, 44 P.3d 28, 37 (Wyo.2002). Mr. Jackson was sentenced to the maximum sentence of five years. He was also sentenced to a minimum term of three years.[2] He asserts that he should receive credit against his maximum sentence for the time spent in custody pending resolution of the petition to revoke his probation because the pre-revocation time[3] is attributable to the underlying crime. He contends that failure to award credit resulted in a sentence that exceeded the maximum permitted by the statute. Although he does not argue this point, if Mr. Jackson correctly reasons that his maximum sentence increased as a result of the failure to receive credit, his minimum sentence also increased. This would be an impermissible increase in his minimum sentence as a result of events occurring after his initial sentencing. *See*

*Yates,* 792 P.2d at 192; *Wlodarczyk,* 836 P.2d at 292.

[¶ 8] The State, relying upon our decision in *Halbleib v. State*, 7 P.3d 45, 49 (Wyo.2000), contends that Mr. Jackson was not entitled to any credit against his original sentence because the incarceration pending probation revocation proceedings was not "directly attributable" to the underlying criminal charge. Mr. Jackson does not dispute the State's interpretation of *Halbleib*. Instead, he asks us to revisit that decision and overrule it. He contends that, in appropriate circumstances, a defendant should be awarded credit against his original sentence for time spent in custody awaiting disposition of revocation proceedings. He contends that his incarceration is "directly attributable" to the underlying criminal charge.

[¶ 9] In *Halbleib*, we recognized the general principle that a defendant must receive credit for all time spent in custody that is directly attributable to the underlying criminal charge. We went further, however, and held that, as a matter of law, time spent in custody awaiting revocation proceedings can never be attributable to the underlying offense. We stated:

[The defendant is not entitled] to credit for confinement which is attributable to acts or omissions separate and apart from those for which he was originally convicted and received a sentence of probation. The time served while awaiting a revocation hearing is not directly attributable to a criminal charge. Rather it is solely due to the violation of the conditions of probation. For the probationer awaiting a probation revocation hearing, until the trial court revokes the suspension of the execution of his sentence, the probationer is not serving time on that sentence. The time spent awaiting the revocation is not the "punishment" which implicates double jeopardy concerns. Rather it is time spent on an

---

2. Wyo. Stat. Ann. § 7–13–201 provides that a sentencing court
   shall establish a maximum and minimum term within the limits authorized for the statute violated. The maximum term shall not be greater than the maximum provided by law for the statute violated, and the minimum term shall not be less than the minimum provided

by law for the statute violated, nor greater than ninety percent (90%) of the maximum term imposed.

3. For the sake of brevity, we refer to the time a defendant spends in custody between arrest and disposition of a petition to revoke probation as "pre-revocation time."

administrative hold because of the alleged probation violation....

[W]e hold that incarceration pending probation revocation proceedings is qualitatively different from presentence incarceration and from incarceration which is a condition of probation.

*Id.*

[¶ 10] Mr. Jackson takes issue with our observation that incarceration pending probation revocation is "qualitatively different" from other forms of incarceration for which credit must be awarded. As Mr. Jackson has pointed out, the distinction is not obvious. At least one court has recognized that, to a person held by the State, the deprivation of liberty is the same regardless of whether it is intended to be punitive.

> We find no merit in the argument sometimes advanced that presentence jail time should not be credited because it is not "punishment." Whatever it may be called, it is certainly a deprivation of liberty, which, in itself, is punishment to most human beings. We should not like to try to convince those held in such confinement, along with those undergoing punishment, of the soundness of such an argument. We reject it, as other courts have. *In re Young*, 32 Cal.App.3d 68, 107 Cal.Rptr. 915 (1973); *Parker v. Bounds*, 329 F.Supp. 1400 (D.C.N.C.1971).

*Smith v. State*, 256 Ark. 425, 508 S.W.2d 54, 57 (1974). We agree. Put simply, a day in jail is a day in jail, and our holding in *Halbleib* did not implicate the nature of the incarceration. Our "qualitatively different" reference was intended to help distinguish between incarceration that was directly attributable to the underlying offense and required credit against the sentence, and incarceration that results from a violation of probation.

[¶ 11] We concluded in *Halbleib* that detention following a probation violation is solely attributable to the act that violates proba-

tion, and not to the underlying criminal charge. 7 P.3d at 49. Mr. Jackson's case leads us to question that conclusion. Certainly there are situations where the incarceration is directly attributable to the act that violates the conditions of probation rather than the underlying criminal charge. The most obvious are those situations where a defendant is arrested and charged with committing a new crime. But there are also circumstances where a defendant is alleged to have violated probation conditions by committing acts that are not otherwise criminal. For example, probationers are frequently barred from leaving a defined geographic location, drinking alcohol, contacting the victim of the underlying crime, and so on. Violating these conditions may be the direct cause of the probationer's detention, but it is indisputable that the State would be unable to incarcerate the probationer for these acts absent the conviction for the underlying crime. Under those circumstances, we are forced to conclude that pre-revocation incarceration is attributable to the underlying crime.

[¶ 12] This conclusion undermines our holding in *Halbleib*. Although *stare decisis* is necessary for the orderly development of the law, we do not blindly adhere to its principles. *Borns v. Voss*, 2003 WY 74, ¶¶ 25–27, 70 P.3d 262, 271–72 (Wyo.2003). We depart from our precedent when necessary to promote plain principles of law and to remedy obvious injustice. *Id.*, ¶ 26, at 271. We do so now, and hold that credit for time served awaiting probation revocation may be attributable to the underlying criminal charge in appropriate circumstances. To the extent that any prior opinion holds otherwise, it is expressly overruled.

[¶ 13] Where pre-revocation time is attributable to the underlying criminal charge, credit must be awarded against the underlying sentence.[4] Failure to award this

---

4. This holding is consistent with the statutes and case law from other jurisdictions. Some states statutorily require credit for pre-revocation time served. *E.g.*, Ala.Code § 15–22–54(d)(3); N.C. Gen.Stat. § 15–196.1 (2008); Me.Rev.Stat. Ann. tit. 17–A, § 1206(8) (2008). Courts generally find that pre-revocation time should be credited

to the underlying sentence when the defendant is jailed solely for violating conditions of release, as opposed to also being charged with a separate criminal offense. *E.g.*, *People v. Young*, 334 Ill. App.3d 785, 268 Ill.Dec. 679, 779 N.E.2d 293, 301 (1 Dist.2002); *State v. Allen*, 144 Idaho 875, 172 P.3d 1150, 1152 (App.2007); *Padilla v. State*,

credit effectively and impermissibly increases both the minimum and maximum sentence as a result of events occurring after the initial sentencing. In some cases, failure to award this credit results in a sentence that exceeds the statutory maximum.

[¶ 14] We must now consider whether Mr. Jackson's pre-revocation time served was attributable to the underlying offense. The sole reason for Mr. Jackson's detention was the accusation that he violated one or more conditions of his probation. Although some allegations in the petition would be independent criminal activity if proven, Mr. Jackson was never charged with a separate criminal offense as a result of the facts alleged in the petition to revoke his probation. The only allegation resolved in the State's favor was that Mr. Jackson absconded from supervision. Under the undisputed facts of this case, we conclude that the 109 days that Mr. Jackson was detained pending resolution of the State's petition to revoke his probation were served as a result of the underlying criminal conviction. Mr. Jackson received credit for only 55 days of that time. Accordingly, we find that Mr. Jackson must also receive credit, against both his minimum and maximum sentence, for the additional 54 days that he was incarcerated pending resolution of the petition to revoke his probation.

[¶ 15] Reversed and remanded for further proceedings consistent with this opinion.

697 S.W.2d 522, 524 (Tex.App. El Paso 1985); *People v. Myles,* 702 P.2d 292, 293 (Colo.App. 1985).