# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 47

APRIL TERM, A.D. 2014

April 11, 2014

WILLIAM TALLERDY,

Appellant
(Defendant),

v.

S-13-0250

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    William Tallerdy, *pro se*.

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jennifer E. Zissou, Assistant Attorney General.

*Before KITE, C.J., and HILL, BURKE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    William Tallerdy appealed the district court's order granting in part and denying in part his motion to correct his sentence.  We find that the district court properly credited him an additional 169 days for time served, and therefore affirm.

## ISSUE

[¶2]    The issue presented by Mr. Tallerdy is whether the district court properly credited him for time served.

## FACTS

[¶3]    On October 13, 2005, Mr. Tallerdy was arrested and charged with two counts of third-degree sexual assault.  He was released on bond on November 8, 2005.  Mr. Tallerdy violated his bond conditions and was again arrested on March 7, 2006.  He was released a second time on bond on November 27, 2006.  After violating his bond conditions once more, he was arrested on February 16, 2007.  He remained in custody until his hearing in March 2007.  In a separate docket, he was charged with two counts of forgery.

[¶4]    Mr. Tallerdy pled guilty to the two forgery counts and no contest to the sexual assault charges.  On March 9, 2007, the district court imposed two sentences of two to four years, to be served concurrently, on the forgery charges, and two sentences of three to five years, to be served consecutively, on the sexual assault charges.  The second of the sexual assault sentences was to be suspended in favor of four years of probation.  The district court credited Mr. Tallerdy with 144 days for the time he served awaiting sentencing.

[¶5]    On June 10, 2008, Mr. Tallerdy was granted parole on the forgery sentence and began serving the consecutive sentences for sexual assault.  He completed his sentence for the first count of sexual assault and was released on December 5, 2011, to serve the second count on probation.  Upon his release, Mr. Tallerdy moved to Arkansas.  He was arrested for probation violation on September 24, 2012, in Arkansas, and remained in custody there until he was transferred to Laramie County on October 5, 2012.  On November 30, 2012, the district court revoked his probation and imposed the second sexual assault sentence.  The district court also credited Mr. Tallerdy a total of 66 days for time served while awaiting his hearing.

[¶6]    Mr. Tallerdy filed a *pro se* Motion to Correct Illegal Sentence, claiming that he was entitled to a total of 426 days credit for time served.  The district court granted Mr. Tallerdy's motion in part, crediting him an additional 169 days beyond the 144 days

1

originally awarded at his sentencing, and the 66 days awarded upon the revocation of his probation, for a total of 379 days. Mr. Tallerdy filed this appeal, claiming that the district court should have awarded him an additional 47 days credit for time served.

## STANDARD OF REVIEW

[¶7]   We apply a *de novo* standard of review to claims of illegal sentence based upon failure to grant proper credit for time served. *Cothren v. State*, 2013 WY 125, ¶ 25, 310 P. 3d 908, 915 (Wyo. 2013); *Moronese v. State*, 2012 WY 34, ¶ 5, 271 P.3d 1011, 1013 (Wyo. 2012).

## DISCUSSION

[¶8]   The law is well-settled that a defendant is entitled to sentencing credit for the time he spends in presentence confinement when that confinement is due to his financial inability to post bond with respect to the charged offense. *Abitbol v. State*, 2008 WY 28, ¶ 12, 178 P.3d 415, 418 (Wyo. 2008). In addition, if a petition for revocation of probation is filed, and the probationer is in custody awaiting probation revocation, credit for time served must be given when the pre-revocation time is attributable to the underlying criminal charge. *Jackson v. State*, 2009 WY 82, ¶ 13, 209 P.3d 897, 900 (Wyo. 2009).

[¶9]   Here, Mr. Tallerdy first claims that he is entitled to 31 days of credit, covering his initial arrest on October 13, 2005 through November 13, 2005, the time he claims to have been released on bond.[1] The district court credited him 26 days for this initial period, which was based upon a release date of November 8, 2005, not November 13. An examination of the record reveals that Mr. Tallerdy was released on bond on the 8th of November, not the 13th. Therefore, the district court's calculation of 26 days served for this period is correct.

[¶10]  Mr. Tallerdy then argues that he is entitled to credit for the period from February 16, 2007 through April 20, 2007, a total of 63 days.[2] Mr. Tallerdy was arrested on

---

[1] In his pleadings Mr. Tallerdy also takes the position that he is entitled to credit for time served from March 7, 2006 until November 27, 2006, for a total of 265 days. The State agreed with his position with respect to this time period and the district court awarded him credit for this period of time. In addition, Mr. Tallerdy contends that he is entitled to credit for the time when he was arrested for probation violation in Arkansas, on September 24, 2012, through the time the district court revoked his probation and imposed the underlying sexual assault sentence, November 30, 2012, a total of 67 days. The State also agreed with his claim with respect to this time period. The district court properly awarded him credit for those days as well. Because there is no issue as to these two time periods, we will not address them here.

[2] The significance of the April 20, 2007, date is unclear from Mr. Tallerdy's pleadings, although the State has stated that April 20, 2007, was the date he arrived at the Wyoming State Penitentiary.

February 16, 2007, for his second series of bond violations. On March 9, 2007, the district court sentenced him and he was later transferred to the state penitentiary to serve the remainder of his sentence. The question necessarily arises as to whether any of the time served by Mr. Tallerdy after the district court issued its sentence ought to count as presentence time served, as Mr. Tallerdy contends. In *Maher v. State*, we held that "[t]he relevant inquiry in deciding whether a defendant has begun serving his sentence is whether he has been delivered to executive custody for that purpose." 991 P.2d 1248, 1249 (Wyo. 1999). Here, Mr. Tallerdy was delivered to executive custody at sentencing on March 9, 2007. Therefore, he is not entitled to presentence credit for the days following that time. In fact, if we were to grant credit for that time, he would receive double credit for those days—presentence credit, as well as credit from the Department of Corrections as time served. Moreover, at the time of sentencing, it would not have been possible for the district court to award presentence credit for time that would be served until some unknown date in the future when he would be relocated to the state penitentiary. Mr. Tallerdy is, however, entitled to credit for the time he served prior to his sentencing, a total of 21 days. The district court awarded him credit for those days.

## CONCLUSION

[¶11] We therefore affirm the district court's Order Granting in Part and Denying in Part Defendant's Motion to Correct Illegal Sentence.