# IN THE SUPREME COURT, STATE OF WYOMING

# 2016 WY 75

APRIL TERM, A.D. 2016

August 2, 2016

ELMER CANDELARIO,

Appellant
(Defendant),

v.

S-16-0088

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
*The Honorable Wade E. Waldrip, Judge*

*Representing Appellant:*

> *Pro se.*

*Representing Appellee:*

> *Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Katherine A. Adams, Assistant Attorney General.*

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]    Appellant, Elmer Candelario, challenges the district court's decision to deny his W.R.Cr.P. 35(a) motion to correct an illegal sentence.  We will affirm.

### ISSUE

[¶2]    Appellant presents a single issue:  Did the district court abuse its discretion when it denied his motion to correct an illegal sentence?

### FACTS

[¶3]    On November 20, 2012, pursuant to a plea agreement, Appellant pled no contest to charges of larceny, burglary, and possession of a controlled substance, marijuana, with intent to deliver.  The district court accepted the pleas and sentenced Appellant to prison terms of six to nine years on the larceny charge and six to nine years on the burglary charge, with the sentences to run concurrently.  The district court also sentenced Appellant to five to ten years on the possession of a controlled substance with intent to deliver charge, to be served consecutively to the other sentences.  In accordance with the plea agreement, the district court awarded Appellant credit for 666 days previously served in confinement, applying that credit to both the larceny and the burglary sentences.  Appellant remained in the county jail from November 20 to December 19, a total of twenty-nine days, before he was transferred to a Wyoming Department of Corrections facility.

[¶4]    On February 22, 2016, Appellant filed a motion to correct an illegal sentence.  He asserted that his sentence was illegal because he had not received credit for the twenty-nine days he spent in the county jail after he was sentenced but before he was transferred to the state facility.  The district court denied the motion, and Appellant filed a timely appeal.

### STANDARD OF REVIEW

[¶5]    When we review a district court's decision on a motion to correct an illegal sentence, we apply this standard of review:

> Sentencing decisions are normally within the discretion of the trial court.  *Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo. 20003).   "Such discretion is limited, however, inasmuch as a court may not enter an illegal sentence.  A sentence is illegal if it violates the constitution or other law."  *In re CT*, 2006 WY 101, ¶ 8, 140 P.3d 643, 646 (Wyo. 2006) (internal case citation omitted).  Whether a sentence is illegal

1

is a question of law, which we review *de novo*. *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007).

*Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010) (quoting *Jackson v. State*, 2009 WY 82, ¶ 6, 209 P.3d 897, 898-99 (Wyo. 2009)).

## *DISCUSSION*

[¶6]   In arriving at an appropriate sentence, a district court must award credit for presentence confinement. "Presentence confinement is incarceration resulting from the failure to post bond on the offense for which the sentence is entered," but it does not include "'other confinement that would continue to exist without regard' for the posting of bond on that offense." *Cothren v. State*, 2013 WY 125, ¶ 27, 310 P.3d 908, 915 (Wyo. 2013) (quoting *Sweets v. State*, 2001 WY 126, ¶ 5, 36 P.3d 1130, 1131 (Wyo. 2001)). A sentence that does not include proper credit constitutes an illegal sentence. *Hagerman v. State*, 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011). In determining proper credit, the district court must award "a day of presentence credit for any part of a day spent in confinement." *Cothren*, ¶ 27, 310 P.3d at 915.

[¶7]   The district court satisfied those requirements when it awarded Appellant 666 days credit for the time he was taken into custody on January 25, 2011, through his sentencing on November 20, 2012. Appellant does not challenge the district court's calculation of his credit for presentence incarceration. Instead, he challenges the district court's failure to award credit for the time he spent in county jail after he was sentenced. That time in custody, however, is not "presentence" confinement. It occurred after Appellant was sentenced. As we observed in *Tallerdy v. State*, 2014 WY 47, ¶ 10, 322 P.3d 47, 49 (Wyo. 2014), "at the time of sentencing, it would not have been possible for the district court to award presentence credit for time that would be served until some unknown date in the future when he would be relocated to the state penitentiary."

[¶8]   Although couched in terms of presentence confinement, it is apparent that Appellant is not contending that he did not receive proper credit for presentence confinement. Rather, he is asserting that he has not been given credit for time he spent in county jail after being sentenced. The crux of Appellant's claim is that the Wyoming Department of Corrections has failed to give him credit for those twenty-nine days. In essence, he is challenging the administration of his sentence by the Department of Corrections. This does not provide a proper basis for relief under Rule 35.

[¶9]   Claims regarding the administration of a sentence by the Department of Corrections cannot be pursued through a motion to correct an illegal sentence. *Barela v. State*, 2016 WY 68, ¶ 9, ___ P.3d ___, ___ (Wyo. 2016) ("Appellant's claims pertain to how his sentence has been administered by the Department of Corrections and the Board of Parole rather than the legality of his underlying sentence. Accordingly, Rule 35 does

not provide an avenue of relief for Appellant."); *Garnett v. State*, 2014 WY 80, ¶ 7, 327 P.3d 749, 751 (Wyo. 2014); *Gould v. State*, 2006 WY 157, ¶ 25, 151 P.3d 261, 268 (Wyo. 2006). As we explained in *Pfeil v. State*, 2014 WY 137, ¶ 24, 336 P.3d 1206, 1213 (Wyo. 2014):

> Rule 35 authorizes challenges to illegal sentences only. An illegal sentence is defined as "'one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law.'" *Martinez v. State*, 2002 WY 10, ¶ 9, 39 P.3d 394, 396 (Wyo. 2002), quoting *Duran v. State*, 949 P.2d 885, 887 (Wyo. 1997). None of Mr. Pfeil's complaints pertain to the validity of the underlying sentence. Instead, he bootstraps his complaints over how his sentence is being administered into an argument that the [Board of Parole] and [Department of Corrections] have effectively altered his sentence to the extent it is now illegal. Rule 35 addresses only sentences which are illegal in fact, not sentences which inmates claim are being executed illegally by the State. *See, e.g., Gould v. State*, 2006 WY 157, ¶ 25, 151 P.3d 261, 268 (Wyo. 2006). It does not, therefore, provide an avenue to Mr. Pfeil for relief from the BOP's and DOC's actions.

Because Appellant's claim is not one properly raised in a motion to correct an illegal sentence under W.R.Cr.P. 35, the district court did not err in denying his motion.[1]

[¶10] Affirmed.

---

[1] We note that Appellant's Sentence Information Document from the Wyoming Department of Corrections, attached to his brief, lists his sentencing date as November 20, 2012, and his sentence on the larceny charge as six to nine years. It projects his minimum sentence to expire on January 22, 2017. It is 1524 days from the sentencing date of November 20, 2012, to the projected expiration of the minimum sentence on January 22, 2017. Credit for presentence confinement of 666 days plus 1524 days equals 2190 days, which is exactly six years. If the Department of Corrections based its calculations on the date Appellant was transferred to the state facility, as he seems to contend, then his projected full minimum sentence expiration date would be February 20, 2017. The Department of Corrections' other sentence calculations are also based on Appellant's sentencing date.