# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 54

### APRIL TERM, A.D. 2021

### April 21, 2021

CALVIN LEE NEWNHAM,

Appellant
(Defendant),

v.                                                                 S-20-0264

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable John R. Perry, Judge*

*Representing Appellant:*

*Calvin L. Newnham, pro se.*

*Representing Appellee:*

*Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Samuel L. Williams, Assistant Attorney General.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]     Mr. Newnham failed to return to a Volunteers of America facility in Gillette, Wyoming, where he was serving a sentence for felony property destruction. Officers apprehended Mr. Newnham on a warrant in South Carolina seven months later and extradited him to Wyoming. Mr. Newnham pleaded guilty to escape and the district court imposed a 20 to 40-month sentence to run consecutive to his underlying sentence. The district court ordered the time Mr. Newnham spent in custody prior to his sentence on the escape charge, 111 days, to be credited to his underlying sentence for property destruction.

[¶2]     Mr. Newnham formed the belief that the Department of Corrections had not credited the 111 days to either sentence. He filed an inmate communication form asking the Department to credit him the time. The Department responded that it needed paperwork from the district court before it could do so. Mr. Newnham then filed, in his escape case, a motion to correct an illegal sentence pursuant to Wyoming Rule of Criminal Procedure 35. He argued his sentence was illegal because he had not received credit for the 111 days spent in jail after he was arrested for escape. The district court denied his motion and found that Mr. Newnham received all the credit for time served in the property destruction case and, therefore, he was not entitled to any credit in the escape case. Mr. Newnham appealed, and we affirm.

[¶3]     Sentencing decisions are within the discretion of the trial court, except a court cannot impose an illegal sentence. *Candelario v. State*, 2016 WY 75, ¶ 5, 375 P.3d 1117, 1118 (Wyo. 2016) (citing *Endris v. State*, 2010 WY 73, ¶ 13, 233 P.3d 578, 581 (Wyo. 2010)). "A sentence is illegal if it violates the constitution or other law." *Candelario*, 2016 WY 75, ¶ 5, 375 P.3d at 1118. "Whether a sentence is illegal is a question of law that we review *de novo*." *Palomo v. State*, 2018 WY 42, ¶ 24, 415 P.3d 700, 705 (Wyo. 2018). "A sentence that does not include proper credit constitutes an illegal sentence." *Candelario*, 2016 WY 75, ¶ 6, 375 P.3d at 1118 (quoting *Hagerman v. State*, 2011 WY 151, ¶ 12, 264 P.3d 18, 21 (Wyo. 2011)).

[¶4]     Mr. Newnham's appeal suffers from two fatal flaws. First, the record does not support his suggestion that his sentence does not include proper credit for his time served awaiting his escape sentence. The district court properly ordered the 111 days to be credited to his underlying property destruction charge. This Court has previously held that "credit for presentence confinement does not include any credit for confinement that would persist without regard to the defendant's ability to post bond in the court in which he is awaiting sentence." *Smith v. State*, 932 P.2d 1281, 1282 (Wyo. 1997). In that case, Mr. Smith requested credit for time served while awaiting sentencing on an escape charge. The district court instead applied the credit towards the underlying conviction. *Id.* at 1281. Similarly, the district court appropriately credited Mr. Newnham's time served to the underlying property destruction sentence.

1

[¶5]   Second, if Mr. Newnham's complaint is that the Department of Corrections did not apply the credit in accordance with the district court's order, that is not an illegal sentence subject to a Rule 35 motion.  "Rule 35 addresses only sentences which are illegal in fact, not sentences which inmates claim are being executed illegally by the State." *Sides v. State*, 2021 WY 42, ¶ 16, 483 P.3d 128, 133 (Wyo. 2021) (quoting *Pfeil v. State*, 2014 WY 137, ¶ 24, 336 P.3d 1206, 1213 (Wyo. 2014)).  "Rule 35 authorizes challenges to illegal sentences only.  An illegal sentence is defined as one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Candelario*, 2016 WY 75, ¶ 9, 375 P.3d at 1119 (internal quotations omitted).  The Department of Corrections' administration of Mr. Newnham's sentence does not "pertain to the validity of the underlying sentence." *Id.*

[¶6]   The district court appropriately credited the time Mr. Newnham served after his arrest in the escape case to the underlying property destruction case.  While Mr. Newnham is entitled to credit for that time, a motion to correct an illegal sentence is not the appropriate method to challenge the Department of Corrections' administration of a sentence.  Affirmed.