# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 72

APRIL TERM, A.D. 2023

July 21, 2023

TIMOTHY W. GREENE,

Appellant
(Defendant),

v.

S-23-0072

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
Timothy W. Greene, pro se.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Timothy Greene was arrested for probation violations in two cases and on new felony drug charges.  At sentencing, the district court imposed the underlying sentences in the probation violation cases.  It entered concurrent sentences on two felony drug convictions and ordered these sentences to run concurrently with the sentence in one of the probation revocation cases (Docket 6388).  Mr. Greene filed a motion seeking presentence time served credit against the felony drug sentences.  The district court denied the motion and Mr. Greene appeals.  We affirm.

*ISSUE*

[¶2]   Was Mr. Greene, who received presentence confinement credit against the sentences in his probation violation cases, also entitled to presentence confinement credit against the sentences in the felony drug possession docket?

*FACTS*

[¶3]   In 2014, Mr. Greene was sentenced on two felony counts of DUI, in Dockets 6388 and 6586.  He received consecutive four- to six-year sentences suspended in favor of seven years of probation.  In June 2020, Mr. Greene was arrested and charged with five felonies, including two counts of possession of anabolic steroids in violation of Wyo. Stat. Ann. § 35-7-1031(c)(iii)[1] (Docket 9287) and with probation violations in his two previous cases. He was held without bond from the time of his arrest on June 24, 2020, to the time of his sentencing on December 28, 2020, a total of 188 days.[2]   The cases proceeded simultaneously.  Pursuant to a global plea agreement, Mr. Greene admitted to the probation violations and pled guilty to two felony counts of drug possession.  At sentencing, the district court revoked Mr. Greene's probation and reimposed the underlying consecutive four- to six-year sentences, with credit for 436 days served in Docket 6388 and 364 days

---

[1] Wyo. Stat. Ann. § 35-7-1031(c)(iii) provides:

> (c)      It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. . . . Any person who violates this subsection:
>
> .      .      .
>
> (iii)      And has in his possession any other controlled substance classified in Schedule I, II or III in an amount greater than set forth in paragraph (c)(i) of this section, is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than ten thousand dollars ($10,000.00), or both;

Wyo. Stat. Ann. § 35-7-103(c)(iii) (LexisNexis 2023).
[2] In his pleadings, he states that his presentence time was 184 days, we calculate the amount of time to 188 days.  We will refer to the total time as 188 days throughout this opinion.

1

served in Docket 6586. It is undisputed that the credit in those dockets included the 188 days that Mr. Greene was held without bond from his arrest to sentencing.[3]

[¶4]    The district court imposed concurrent sentences of three to five years with no credit for time served in Docket 9287 (drug possession counts). It ordered these sentences to run concurrently with the sentence in Docket 6388. Mr. Greene filed a pro se Motion for Time Served in Presentence Incarceration arguing that he should have received credit for the time served after his arrest and before sentencing against his sentences in Docket 9287. The district court denied that motion and Mr. Greene appeals.

## STANDARD OF REVIEW

[¶5]    "A sentence that does not include proper credit constitutes an illegal sentence. Whether a sentence is illegal is a question of law that we review de novo." *Cruzen v. State*, 2023 WY 5, ¶ 11, 523 P.3d 301, 304 (Wyo. 2023) (quoting *Newnham v. State*, 2021 WY 54, ¶ 3, 484 P.3d 1275, 1276 (Wyo. 2021)). The denial of a motion to correct an illegal sentence is reviewed for an abuse of discretion. *Harrell v. State*, 2022 WY 76, ¶ 5, 511 P.3d 466, 468 (Wyo. 2022).

## DISCUSSION

[¶6]    In his pro se brief, Mr. Greene contends that his sentence in Docket 9287 is illegal because he did not receive credit for 188 days of time served when being held without bond. This argument requires us to consider and apply our precedent as it relates to credit for time served pending resolution of probation revocation proceedings; credit for time served where there are concurrent sentences in separate matters; and credit for time served where there are consecutive sentences.

[¶7]    In *Jackson v. State*, 2009 WY 82, ¶¶ 10–15, 209 P.3d 897, 900–01 (Wyo. 2009), we addressed credit for time spent in custody while awaiting probation revocation proceedings. Mr. Jackson was not charged with a separate criminal offense and his presentence detention resulted solely from alleged violations of the conditions of his probation. We concluded that Mr. Jackson's detention, pending resolution of the probation revocation proceedings, was a direct result of the original crime for which he was serving probation, and he was entitled to credit on the underlying sentence. *Id.* ¶ 14, 209 P.3d at 901. We explained:

> [T]here are situations where the incarceration is directly
> attributable to the act that violates the conditions of probation
> rather than the underlying criminal charge. The most obvious

---

[3] The record is unclear how credit for time served was calculated in Dockets 6388 and 6586, but for purposes of our analysis, it is only relevant that the calculation included the 188 days of presentence confinement.

are those situations where a defendant is arrested and charged with committing a new crime. But there are also circumstances where a defendant is alleged to have violated probation conditions by committing acts that are not otherwise criminal. For example, probationers are frequently barred from leaving a defined geographic location, drinking alcohol, contacting the victim of the underlying crime, and so on. Violating these conditions may be the direct cause of the probationer's detention, but it is indisputable that the State would be unable to incarcerate the probationer for these acts absent the conviction for the underlying crime. Under those circumstances, we are forced to conclude that pre-revocation incarceration is attributable to the underlying crime.

*Id.* ¶ 11, 209 P.3d at 900. The time in custody awaiting disposition of probation revocation proceedings must be credited against the probationer's underlying sentence if the incarceration is directly attributable to the underlying criminal conviction. *See also Swain v. State*, 2009 WY 142, ¶ 11, 220 P.3d 504, 507 (Wyo. 2009); *Hagerman v. State*, 2011 WY 151, 264 P.3d 18 (Wyo. 2011); *Tallerdy v. State*, 2014 WY 47, ¶ 8, 322 P.3d 47, 49 (Wyo. 2014).

[¶8]    *Jackson* does not address Mr. Greene's issue. Here, unlike *Jackson*, Mr. Greene was held pending sentencing in the probation revocation matters and on new charges. As required by *Jackson*, Mr. Greene received credit against his underlying sentences. He received no credit against the sentences for his new convictions. We then look to our precedent on credit for presentence time served where sentences are concurrent and where sentences are consecutive.

[¶9]    The district court ordered a combination of concurrent and consecutive sentences. It reimposed the underlying consecutive four- to six-year sentences in Dockets 6388 and 6586 (the probation revocation cases) and awarded full credit for time served in these dockets. It imposed concurrent sentences of three to five years with no credit for time served on the new drug possession charges in Docket 9287, and ordered these sentences to run concurrent with the sentence in Docket 6388.

[¶10]   In *Scott v. State* we held "credit for time served is applied against all concurrent sentences imposed in a single prosecution." *Scott v. State*, 2012 WY 86, ¶ 19, 278 P.3d 747, 753 (Wyo. 2012) (citing *Weedman v. State*, 792 P.2d 1388, 1389 (Wyo. 1990)). In *Hagerman* we held that when concurrent sentences are imposed in a single case, credit for time served must be applied equally against both sentences. We clearly stated that this principle does not apply to concurrent sentences imposed in separate cases. *Hagerman*, ¶ 13, 264 P.3d at 21. *See also Abitbol v. State*, 2008 WY 28, ¶ 13, 178 P.3d 415, 418 (Wyo. 2008). Applying these principles to Mr. Greene's case, we find that Mr. Greene is not

entitled to additional credit in Docket 9287. He received credit for the full 188 days spent in presentence confinement in Dockets 6388 and 6586. Mr. Greene's sentences on the two new charges were ordered to run concurrent with his sentence in a separate docket—Docket 6388. Mr. Greene was not entitled to credit for time served against his concurrent sentence in a separate case.

[¶11] In *Palmer* we considered the question of whether presentence confinement must be credited to all sentences when sentences run consecutively. *Palmer v. State*, 2016 WY 46, ¶ 14, 371 P.3d 156, 159 (Wyo. 2016). We held that "when consecutive sentences are ordered, the proper allocation of credit for time served is one that gives the defendant full credit for the actual time served against his total term of imprisonment." We explained:

> In the case of concurrent sentences, the period of presentence confinement should be credited against each sentence. This is so because concurrent sentences obviously commence at the same time and in functional effect result in one term of imprisonment represented by the longest of the concurrent sentences imposed. Only by giving credit against each concurrent sentence will the defendant be assured of receiving credit for the full period of presentence confinement against the total term of imprisonment. ***When consecutive sentences are imposed, crediting the period of presentence confinement against one of the sentences will assure the defendant full credit against the total term of imprisonment.***

*Id.* (quoting *Schubert v. People*, 698 P.2d 788, 795 (Colo. 1985)).

[¶12] The district court credited Mr. Greene's presentence confinement against the consecutive sentences in Dockets 6388 and 6586. Mr. Greene received full credit for his presentence confinement against the total term of imprisonment as required by *Palmer*. *Palmer*, ¶ 14, 371 P.3d at 159.

## *CONCLUSION*

[¶13] The district court credited Mr. Greene's presentence confinement against the reimposed consecutive sentences in Dockets 6388 and 6586. He was not entitled to credit for time served against his concurrent sentences in his separate cases in Docket 9287. The district court did not abuse its discretion when it denied Mr. Greene's motion to correct an illegal sentence.

[¶14] Affirmed.