# THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 58

APRIL TERM, A.D. 2024

May 31, 2024

HASSAN AHMED SAID,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-23-0203, S-23-0204, S-23-0205

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Office of the State Public Defender: Diane M. Lozano, State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*
Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.

*Before FOX, C.J., and KAUTZ\*, BOOMGAARDEN, GRAY and FENN, JJ.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]     Hassan Ahmed Said appeals from the district court's award of presentence confinement in three separate dockets.  The district court sentenced Mr. Said to two to four years in prison for three separate counts in the three respective dockets—CR-35-838, CR-35-945, and CR-36-117—with all three dockets to run concurrently.  The district court awarded credit for time served as follows: 115 days against the sentence in CR-35-838; 100 days against the sentence in CR-35-945; and 153 days against the sentence in CR-36-117.  Mr. Said claims the district court erred by declining to award the 153 days awarded in CR-36-117 against his sentences in CR-35-838 and CR-35-945.  We affirm.

## ISSUE

[¶2]     The sole issue in this case is: Did the district court err when it declined to award Mr. Said 153 days of presentence confinement credit for his concurrent sentences in CR-35-838 and CR-35-945?

## FACTS

[¶3]     This appeal involves three separate criminal dockets from the First Judicial District Court, Laramie County, Wyoming—Docket Nos. CR-35-838, CR-35-945 and CR-36-117.  There is also a fourth docket involving charges against Mr. Said, CR-36-118, which the district court dismissed pursuant to a plea agreement.

[¶4]     On March 8, 2022, Mr. Said was arrested and charged with one count of felony theft in CR-35-838.  Mr. Said spent 15 days in jail and was released on bond on March 22, 2022.  While out on bond, Mr. Said failed to appear for his arraignment, and the district court issued a warrant for his arrest.

[¶5]     On June 5, 2022, an officer with the Cheyenne Police Department observed a vehicle driving 71 mph in a posted 40 mph zone.  Mr. Said, later identified as the driver of the vehicle, fled from the officer and abandoned the vehicle.  The officer found Mr. Said hiding in a backyard.  He searched Mr. Said and the area in which he hid, and found the vehicle key, a stolen phone, and 3.8 grams of suspected methamphetamine.  Mr. Said admitted to eluding the officer because of his pending arrest warrant in CR-35-838.  Mr. Said was arrested and charged under a separate docket, CR-35-945, with felony eluding, felony possession of a controlled substance, criminal entry, and misdemeanor theft.

[¶6]     Mr. Said entered into a plea agreement.  He agreed to plead guilty to the theft charge in CR-35-838 and to the eluding and felony possession charges in CR-35-945.  In exchange for Mr. Said's guilty pleas, the State agreed to dismiss the remaining charges and recommend a suspended sentence and probation for all charges, with both dockets to run concurrently.  During the change of plea hearing, the district court reduced Mr. Said's

1

bonds in CR-35-945 and CR-35-838 to personal recognizance bonds. From his arrest on June 5, 2022, until his release on September 12, 2022, Mr. Said was incarcerated an additional 100 days.

[¶7] While Mr. Said was out on bond pending sentencing, he was charged with aggravated assault, felon in possession of a firearm, simple battery, and reckless endangering in docket CR-36-118. Because of Mr. Said's new charges, the State filed petitions to revoke Mr. Said's bonds in CR-35-838 and CR 35-945 and requested the district court issue bench warrants for his arrest. The district court granted the State's petitions and issued warrants for Mr. Said's arrest.

[¶8] On October 26, 2022, detectives with the Cheyenne Police Department Community Action Team observed Mr. Said in a parking lot and attempted to execute the warrants. Mr. Said ran from the officers. After a short foot chase, the officers captured him. Officers searched Mr. Said and discovered methamphetamine in his possession. Officers arrested Mr. Said on the outstanding warrants in CR-35-838, CR 35-945, CR-36-118. He was charged under a fourth docket, CR-36-117, with two counts: count 1, felony possession of methamphetamine; and count 2, possession of a controlled substance (3rd offense).

[¶9] The parties entered into a new plea agreement. Mr. Said pled guilty to the felony possession of methamphetamine charge in CR-36-117, and the State dismissed the possession charge in CR-36-117 and all charges in CR-36-118. In line with the plea agreement, the State recommended sentences of two to four years on all remaining charges in CR-36-117, CR-35-838 and CR-35-945, with all sentences and dockets to run concurrently.

[¶10] On March 27, 2023, the district court sentenced Mr. Said to two to four years on each of the three remaining counts in the various dockets. The district court ordered the three remaining dockets (CR-36-117, CR-35-838 and CR-35-945) to run concurrently. The parties agreed Mr. Said served a total of 268 days of presentence confinement, but they disagreed about how to apply the credit towards his three separate dockets.

[¶11] The State argued Mr. Said was entitled to 115 days credit in CR-35-838, 100 days credit in CR-35-945, and 153 days credit in CR-36-117. Defense counsel requested Mr. Said be awarded 115 days plus the additional 153 days in CR-35-838 and CR-35-945, along with the 153 days credit in CR-36-117, but he conceded it was within the district court's discretion on whether to award the extra 153 days in CR-35-838 and CR-35-945. The district court awarded presentence confinement in accordance with the State's calculations. The table below demonstrates how the district court applied Mr. Said's presentence confinement to each respective docket.

|  |  | CR 35-838 | CR 35-945 | CR 36-117 |
|---|---|---|---|---|
| **March 8, 2022** | First Arrest for Theft Charge in CR-35-838 | 15 days credit |  |  |
| **March 22, 2022** | Released on Bond |  |  |  |
| **June 5, 2022** | Second Arrest for New Criminal Charges in CR-35-945 | 100 days credit | 100 days credit |  |
| **September 12, 2022** | Released on Bond after Pleading Guilty in CR-35-838 and CR-35-945 |  |  |  |
| **October 26, 2022** | Third Arrest for New Criminal Charges in CR-36-117 and CR-36-118, and Warrants issued in CR-35-838 and CR-35-945 | 0 days credit | 0 days credit | 153 days credit |
| **March 27, 2023** | Sentenced in all three dockets |  |  |  |

**TOTAL Time in Presentence Confinement:**
**268 days (15+100+153)**

[¶12]   Before the district court issued its judgment and sentence, Mr. Said filed a motion to correct an illegal sentence in dockets CR-35-838 and CR-35-945.  Mr. Said claimed the district court erred by awarding the 153 days credit from October 26, 2022, to March 27, 2023, only to CR-36-117.  He claimed the 153 days of presentence confinement should have been credited to all three dockets, CR-36-117, CR-35-838, and CR-35-945.  The district court denied the motion and held Mr. Said was awarded proper credit for time served.  The district court found: "The court in these cases has properly given the Defendant credit toward one sentence or the other for each day of the 268 days he served in jail awaiting sentencing respectively in these three dockets. The Defendant is entitled to nothing more."  Mr. Said timely appealed.

## STANDARD OF REVIEW

[¶13]  "A sentence that does not include proper credit constitutes an illegal sentence." *Newnham v. State*, 2021 WY 54, ¶ 3, 484 P.3d 1275, 1276 (Wyo. 2021) (quoting *Candelario v. State*, 2016 WY 75, ¶ 6, 375 P.3d 1117, 1118 (Wyo. 2016)).  "We review the denial of a motion to correct, reduce, or modify a sentence for an abuse of discretion. However, we review de novo 'whether a sentence is illegal and whether res judicata bars a motion to correct an illegal sentence.'" *Davis v. State*, 2024 WY 24, ¶ 6, 543 P.3d 931, 933

3

(Wyo. 2024) (quoting *Deephouse v. State*, 2024 WY 14, ¶ 3, 542 P.3d 198, 199 (Wyo. 2024)).

## DISCUSSION

[¶14]   Mr. Said contends his sentence is illegal because the district court declined to award credit for the 153 days he spent in presentence confinement from October 26, 2022, to March 27, 2023, against his concurrent sentences in CR-35-838 and CR-35-945.  The State contends the 153 days Mr. Said spent incarcerated from October 26th to March 27th is directly related to separate criminal charges, so Mr. Said is not entitled to the additional credit in CR-35-838 and CR-35-945.  We agree.

[¶15]   Mr. Said claims Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 32 requires the district court to award presentence confinement equally to each of his concurrent sentences. W.R.Cr.P. 32.   W.R.Cr.P. 32(c)(2)(E) and (F) "d[o] not require that presentence confinement credit be given for every sentenced offense." *Palmer v. State*, 2016 WY 46, ¶ 13, 371 P.3d 156, 159 (Wyo. 2016).  "[W]hen concurrent sentences are imposed in a single case, credit for time served must be applied equally against both sentences." *Greene v. State*, 2023 WY 72, ¶ 10, 532 P.3d 1061, 1063 (Wyo. 2023).  However, when a district court imposes concurrent sentences in separate cases, the district court is not required to award credit for time served equally against the separate cases. *Hagerman v. State*, 2011 WY 151, ¶ 13, 264 P.3d 18, 21 (Wyo. 2011); *Abitbol v. State*, 2008 WY 28, ¶ 13, 178 P.3d 415, 418 (Wyo. 2008).  Instead, a criminal defendant is only entitled to the credit, against both the minimum and maximum sentences, for time spent in confinement prior to sentencing in the separate cases, if that confinement was due solely to a financial inability to post bond while the defendant awaited disposition. *Abitbol*, ¶ 12, 178 P.3d at 418.  The question is whether the 153 days Mr. Said spent incarcerated between October 26th to March 27th is solely attributable to his financial inability to post bond before sentencing in the two earlier cases.

[¶16]   In *Abitbol v. State*, we discussed the application of presentence confinement to multiple dockets when additional crimes are committed while a defendant is awaiting sentencing in a previous case. 2008 WY 28, ¶¶ 12–15, 178 P.3d at 418–19.  In that case, Ms. Abitbol was out on bond awaiting trial for one docket when she was arrested on separate charges in a second docket. *Id.* at ¶ 6, 178 P.3d at 417.  Ms. Abitol's bail bondsman revoked her bond in the first case, and she remained incarcerated for 37 days for both cases. *Id.*  When the district court sentenced Ms. Abitol, it awarded her 37 days on the second case and declined to award the 37 days on the first case. *Id.* at ¶ 15, 178 P.3d at 419.  We held that while Ms. Abitol's confinement related to both criminal cases, her confinement would have persisted due to the additional charges in the second case regardless of her ability to post bond in the first criminal docket. *Id.*

4

[¶17]  Here, as in *Abitbol*, Mr. Said was arrested for additional crimes he committed in separate dockets while awaiting sentencing in his other dockets.  Because Mr. Said was not in custody solely because of his financial inability to post bond and his incarceration was caused by his additional criminal conduct, the district court did not err when it declined to award the 153 days credit for CR-35-838 and CR-35-945. *See id.*; *Jackson v. State*, 2009 WY 82, ¶ 11, 209 P.3d 897, 900 (Wyo. 2009).  The district court properly awarded Mr. Said the 268 days of presentence confinement to which he was entitled.

## CONCLUSION

[¶18]  Mr. Said received credit for the actual time served against his total term of imprisonment, and therefore his sentence is legal.  Affirmed.